ROLAND L. RAY, *Appellant*, v. LUELLA E. RAY, *Appellee*.

Where a bill for divorce filed by a wife against her husband alleges acts of violence against the wife and a long continued course of abuse accompanied by foul epithets addressed by the husband to her, by means of which her health is affected, her life made a burden, and the performance of marital duties by her made impossible, and states all the jurisdictional facts, a demurrer thereto is properly overruled.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. P. Bailey*, for Appellant;

*S. T. Fletcher*, for Appellee.

HOCKER, J.—Luella E. Ray, appellee, filed a bill in the Circuit Court of Hillsborough County against appellant, her husband, Roland L. Ray, praying for a divorce, alimony, etc. After stating the jurisdictional facts of residence, she alleges in substance that she was legally mar-

ried to appellant on the 11th of September, 1900, and lived with him until 9th of September, 1911, during which time she was an exemplary wife, notwithstanding the appellant shortly after the marriage commenced to indulge in a violent and ungovernable temper, amounting to quarreling, bickering, fault finding generally; that he became intemperate and unreasonable, occasionally becoming violent, calling appellee all sorts of names, such as bitch, Indian Squaw, seizing her and shoving her against the wall with such force as to give her great pain, making her arms black and blue from bruises which he inflicted; that he refused to allow her to visit her mother, and refused her mother and other relatives permission to visit appellee, and when her mother occasionally visited appellee, appellant cursed and abused her, and referred to her as your damned old mammy; that neither appellee's mother or other relatives at any time undertook in the slightest degree to interfere with the domestic relations of appellee and appellant; that his abuse was without reason or cause; that appellee, though once strong and unusually healthy, by reason of appellant's constant bickering and quarreling became unhealthy, and life with him became unbearable; that on one occasion a short while ago appellant locked appellee out of the house and refused her admittance without just cause, and appellee was forced to appeal to the Police authorities of Tampa for assistance to get into her house; that on another occasion she was forced to appeal to Mr. Gullett, the constable in District No. 20 of Hillsborough County, for protection.

The bill alleges that when appellee married appellant he had nothing; that he was working for Dr. Corrigan by the month; that appellee assisted her husband in menial work; that by reason of his irritable disposition

he lost his place with Dr. Corrigan, and appellee and appellant then moved to Tampa, where both of them worked —oratrix serving as pantry woman at the Arno Hotel, giving to appellant every penny of her earnings; that subsequently oratrix secured a position as stewardess on several steamship lines plying between Tampa and Havana, thereby earning eight hundred dollars, which she turned over to appellant; that through their joint efforts they procured a lot in the Garrison and built a home thereon through the Building and Loan Association, where for three years oratrix kept from five to seven boarders, doing all the work herself, and turning over to appellant all the receipts; that the arduous work for three years, coupled with the constant bickering, quarreling and fault finding of appellant, resulted in a complete physical breakdown of appellee. Whereupon appellant and appellee bought a small place at Palmetto Beach, where they have since lived, renting the home on the Garrison lot; that appellee hoped appellant would mend his ways, but instead he has unceasingly quarrelled and found fault with appellee, on occasions shoved her against the wall, thrown her out of the door, refused to let her have any company, even objected to her attending church, until her life is unbearable.

Appellee alleges that one child, named Mamie Lou, aged 8 years, is the result of her marriage to appellant; that appellant curses and use all kinds of vile language to appellee before this child; that his manner terrifies the child, who clings to appellee for protection.

The bill alleges that appellant is just 38 years old, healthful and vigorous, earns $80.00 per month, has in addition $3,500.00 worth of personal and real property, besides a considerable sum in cash, the amount unknown to appellee. Appellee alleges that apart from the place

in the Garrison, which is in her name, and when rented yields about $16.00 per month, she has no means whatever; that her health is such she is unable to work, a condition caused by the treatment of appellant. The bill prays for alimony, counsel fees, the exclusive custody of her minor child, Mamie Lou, and a divorce *a vinculo matrimonii*.

A demurrer was interposed to the bill on the grounds, first, that sufficient facts are not stated to warrant the relief claimed; second, that the bill fails to allege any definite dates, places or circumstances where or when the alleged mistreatment occurred; third, that the bill fails to allege Oratrix's prior training, temperament or education before marriage; fourth, that the allegations of the bill are indefinite, uncertain and insufficient.

This demurrer was overruled, and this ruling is here on appeal for review.

This court in a series of decisions has held that it is not enough in a bill for divorce to allege the statutory grounds of extreme cruelty and the habitual indulgence of a violent and ungovernable temper, in the language of the statute. Facts must be stated from which the court may see that the conduct of the defendant is such as to render it impracticable for the complainant to further perform the marital duties. In Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020, this court reviewed its previous decisions and held that "divorce on the ground of extreme cruelty will be denied where there is no actual violence, unless the treatment or abuse or neglect or bad conduct complained of be such as damages health, or renders cohabitation intolerable and unsafe, or unless there are threats of mistreatment of such flagrant kind as to cause reasonable and abiding apprehension of bodily violence, so as to render it impracticable to discharge marital

36—Vol. 63.

duties." In Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864, it is said: "Nor will divorce on the ground of habitual indulgence of a violent and ungovernable temper be granted, unless that temper has been displayed towards complainant habitually and with the effect of rendering life an oppressive and intolerable burden, and making it impracticable to discharge marital duties under such burden; occasional outbursts of passion, petulance, readiness to anger, frequent and unreasonable complaints, if these are only calculated to render the relations between the parties unpleasant and disagreeable, or simply unhappy, do not furnish sufficient cause for divorce." See Hickson v. Hickson, 54 Fla. 556.

It follows, of course, that where a bill alleges act of violence against the wife, and a long-continued course of abuse, accompanied by foul epithets addressed to her by the man who is under the highest obligations to treat her with kindness and affection by means of which her health is affected and her life made a burden, and the performance of the marital duties made impossible, such a bill states a good cause of action. In the instant case we think the demurrer was properly overruled, and the order is affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and COCKRELL, J. J., concur.