JESSE F. POWELL *Appellant*, v. SUSANNA POWELL, *Appellee.*

Opinion filed February 17, 1919.

1. The findings of the Chancellor on the facts, where the evidence is taken before a Special Master, should not be disturbed by an Appellate Court unless such findings are clearly shown to be erroneous.

2. Where a divorce is sought on the ground of desertion it should not only be shown that the alleged desertion is willful and obstinate, but it should also be shown that such desertion has continued for the Statutory period of one year.

3  Evidence examined and found insufficient to sustain allegations of violent and ungovernable temper or extreme cruelty as grounds for divorce.

An Appeal from the Circuit Court for Okaloosa County, A. G. Campbell, Judge.

Decree affirmed.

*J. T. Wiggins*, for Appellant.

No appearance for Appellee.

WEST, J.—Appellant brought suit for divorce against appellee in the Circuit Court of Okaloosa County. The grounds upon which the divorce was sought were (1) wilful, obstinate and continued desertion of defendant by complainant for a period of one year; (2) habitual indulgence by defendant in violent and ungovernable temper and (3) extreme cruelty by defendant to complainant.

There was service of subpoena upon defendant and thereafter a decree pro confesso was duly entered against her. The testimony was taken before a master and submitted to the chancellor whereupon, upon a consideration of same, it was held that the evidence was insufficient to warrant the granting of the relief prayed and the bill was dismissed at the cost of complainant.

On this appeal the sole question presented is whether there was error in the order denying the relief prayed and dismissing the bill.

The established rule here is that the findings of the chancellor on the facts, where the evidence is taken before a special master, should not be disturbed by an appellate court, unless such findings are clearly shown to have been erroneous. Simpson v. First National Bank of Pensacola, 74 Fla. 539, 77 South. Rep. 204; Baggott v. Otis, 65 Fla. 447, 62 South. Rep. 362.

With respect to the alleged desertion, the evidence wholly fails. If there had been a wilful and obstinate desertion of complainant by defendant, there is no proof

that such desertion had been continued for the statutory period at the time the suit was instituted. It is true that the defendant testified that "I want to be free from him;" "that I can't live with him any more," and "I just don't want to be bound to him," but when she reached this determination, if such it may be called, is not made clear by the evidence of the complainant upon whom the burden rested to show that the alleged wilful and obstinate desertion of complainant by defendant had continued for a period of one year as alleged.

With respect to the other grounds alleged in the bill, it would serve no useful purpose to set out excerpts from the testimony. It is sufficient to say that the findings of the chancellor thereon are not clearly shown to be erroneous. On the contrary, such findings find ample support in the following decisions of this court. Ray v. Ray, 63 Fla. 558, 57 South. Rep. 609; Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020; Beekman v. Beekman, 53 Fla. 858, 43 South. Rep. 923; Palmer v. Palmer, 26 Fla. 215, 7 South. Rep. 864.

It follows that the decree appealed from must be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.