HATTIE ERDMANS, *Appellant*, v. R. M. ERDMANS, *Appellee*.

### En Banc.

### Opinion Filed December 18, 1925.

1. Where it appears in a bill of complaint by the wife against her husband for maintenance that both she and her husband had resided in the State of Florida for more than two years next preceding the filing of the bill, and the husband personally appears to such proceedings and exhibits his cross bill against his wife and prays for divorce, the jurisdictional prerequisite as to the cross complaint's residence in the State

of Florida for two years next preceding the filing of his cross bill sufficiently appears.

2. Extreme cruelty as a ground for divorce may be shown by the continued, persistent abuse by one spouse of the parents of the other and false accusations of illicit sexual intercourse between that other and a brother or sister.

An Appeal from the Circuit Court for Dade County; H. F. Atkinson, Judge.

Decree affirmed.

*Bart A. Riley,* for Appellant;

*Price, Price & Neeley* for Appellee.

ELLIS, J.—In January, 1923, the appellant exhibited her bill in Chancery against the appellee for "maintenance temporarily during the pendency of this suit," attorney's fees, injunction to restrain the defendant from disposing of his property and a writ of *ne exeat.* There was a clause following the prayer for subpoena that may be treated as a prayer for general relief.

During that month the court made an order requiring the defendant to pay to the complainant twenty-five dollars each week until the further order of the court and to pay her attorneys two hundred dollars.

The defendant answered in February following. The cause was referred to a special master to take testimony.

In May of that year the defendant filed a cross bill and prayed for a divorce. Mrs. Erdmans not answering nor demurring to that cross bill a decree *pro confesso* was entered against her. The cross bill contained no allegation that the cross complainant had resided in the State of Florida for two years next preceding the filing of the bill. Another and different person as special master was appointed to take testimony in the cross suit.

In October the special master in the cross suit submitted his report.

Nineteen days before the special master submitted his report of the testimony in the cross suit the chancellor made and entered his final decree in that cause dissolving the bonds of matrimony existing between R. M. Erdmans and his wife, Hattie, and requiring Mr. Erdmans to pay her as alimony thirteen hundred dollars annually in weekly installments of twenty-five dollars to be used by Mrs. Erdmans for the support of herself and the daughter, Lucille, who was about thirteen years of age. The decree recited that Mr. Erdmans had already provided his wife with a suitable residence in the city of Miami and that Mr. Erdmans should "protect and save the said home from any and all liens then existing against the same." The custody of Lucille was awarded to Mrs. Erdmans.

During the same month Mrs. Erdmans filed her petition for a rehearing and on November 23rd she filed an answer and demurrer to the cross bill of complaint. This answer contains the allegation that both Mr. and Mrs. Erdmans have been residents of the State of Florida for more than two years last past. The answer denies the allegations of cruelty and ungovernable temper which are made the grounds for the cross complainant's cross bill for divorce and concludes with a prayer for a reasonable allowance for attorney's fees, court costs and alimony.

The chancellor granted the petition for rehearing and set aside the decree *pro confesso* and final decree and the cause was referred to the special master in chancery "heretofore appointed" to take testimony.

In March, 1924, the special master first appointed appears as counsel for the complainant, Hattie Erdmans.

In May, 1924, the complainant and cross defendant, Hattie Erdmans, filed her petition for leave to file a supplemental bill of complaint and in another petition prayed

that the court would refer the cause back to the special master to take further testimony and still another petition for an order allowing the original complainant, Mrs. Erdmans, a reasonable solicitor's fee to be paid by her husband.

The purpose of the proposed supplemental bill was to charge, as it did, the cross complainant, R. M. Erdmans, with adultery, but it does not contain any specific allegations in that regard, and to ask for additional solicitor's fee of three thousand dollars, and for an order increasing the alimony allowed to five hundred dollars per month.

The testimony taken on the reference upon the cross bill was submitted in January, 1924.

In June, 1924, the chancellor entered a final decree denying leave to Mrs. Erdmans to file a supplemental bill for an increase in the allowance of alimony and attorneys' fees and reinstating the final decree entered on the 4th day of October, 1923, and increasing the allowance of alimony to be paid by the defendant to fifty dollars per week and directing the payment to Mrs. Erdmans' counsel of the sum of five hundred dollars as solicitors' fees.

The demurrer which was filed to the cross bill was overruled.

Mrs. Erdmans appealed from the final decree.

The errors assigned are that the court erred in overruling the demurrer contained in the complainant's answer to the cross bill and entering the final decree.

The point is made that the cross bill contains no allegation that the complainant had resided in the State of Florida for two years next preceding the filing of the cross bill. Such an allegation is a jurisdictional prerequisite to the granting of divorce, but the allegation is contained in the complainant's answer to the cross bill, in which it is distinctly averred that both the complainant in the original bill for maintenance and her husband, the cross complainant, had resided in the State of Florida for more than two

years last past and that she, the original complainant, had
been a resident and citizen of the State of Florida for more
than two years last past immediately preceding the filing
of the original bill of complaint. The allegation as to the
complainant's residence, and that of the defendant to the
original bill, as to two years' residence in this State last
past is contained in the original bill of complaint.

The allegation of two years' residence in this State of
both Mr. and Mrs. Erdmans prior to the filing of the origi-
nal bill in January, 1923, appearing in the original bill, and
both parties being personally before the court and having
submitted to its jurisdiction, the jurisdictional prerequisite
as to residence of the complainant sufficiently appears and
the court had the power to proceed to administer full justice
between the parties. See Krumrine v. Krumrine, decided
at this term, October, 1925.

The evidence, we think, was quite sufficient to sustain the
decree on the allegations of the cross bill of habitual indul-
gence by the wife of a violent and ungovernable temper and
extreme cruelty.

No form of cruelty can be more brutal than the abuse by
one spouse of the honored and loved parents of the other in
that other's presence nor the heartless accusation of illicit
intercourse between one's spouse and the beloved and hon-
ored sister or brother of that spouse.

Such conduct Mrs. Erdmans, who had been provided by
her husband with a good home, nicely furnished and with
conveniences and suitable accessories and who provided the
table with adequate food and who was otherwise performing
the duties devolving upon him as husband and father,
seemed to continuously exhibit toward him. He at last left
his home and sought quiet and peace in another part of the
city. The cause for her unnatural conduct toward her hus-
band, who bears a good reputation among his associates, so
it seems from the evidence, was her desire to spend more

money upon herself—more than was compatible with her husband's means.

The allowance for alimony and the other provisions in the decree seem to us to be exceedingly liberal in view of the evidence.

The decree is therefore affirmed.

WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.

BROWN, C. J., not participating.