EMILY RINGLING v. JOHN RINGLING.

161 So. 406.
Division B.
Opinion Filed May 1, 1935.
Rehearing Denied June 4, 1935.

*Loftin, Stokes, & Calkins,* for Appellant;

*Henry L. Williford* and *James E. Kirk,* for Appellee.

BUFORD, J.—The appeal here is from an order denying motion to dismiss the bill of complaint and from an order denying motion to strike paragraph IV of the bill of complaint in a suit brought by appellee against appellant for divorce. The motion to dismiss was on three grounds, which were as follows:

"1. The purported facts attempted to be alleged in the bill of complaint do not, in law, constitute the ground for extreme cruelty.

"2. The purported facts attempted to be alleged in the bill of complaint do not, in law, constitute the ground of habitual indulgence by defendant in violent and ungovernable temper towards the plaintiff.

"3. The plaintiff has, by the allegations of generalities and conclusions of fact and conclusions of law, attempted to maintain specific allegations which are, in themselves, insufficient to constitute a ground for divorce in Florida, and the said specific allegations of conclusions so as to make them a ground for divorce in this State."

Motion to dismiss under the 1931 Chancery Practice Act

takes the place of, and is considered in the light of, a demurrer.

There was also a motion to strike portions of the bill of complaint which was denied. The motion to strike was on the following grounds:

"All of the matters and things alleged in Paragraph IV as constituting extreme cruelty and the habitual indulgence in a violent and ungovernable temper by the defendant towards the plaintiff, which are alleged to have ocurred prior to September 1, 1933, the date on which, as is alleged in said bill of complaint, the plaintiff dismissed his first bill for divorce filed on July 26, 1933, and resumed his marital relations with the defendant, on the following grounds:

"1. It affirmatively appears from the said bill of complaint that the plaintiff condoned the alleged acts and conduct on the part of the defendant;

"2. It affirmatively appears from the said bill of complaint that the plaintiff resumed his marital relations with the defendant on September 1, 1933."

We feel that it could serve no useful purpose to quote here the allegations of Paragraph IV of the bill of complaint. It is sufficient to say that on authority of the opinions and judgments in the cases of Ray v. Ray, 63 Fla. 558, 57 Sou. 609; Erdmans v. Erdmans, 90 Fla. 858, 107 Sou. 188, and Kellogg v. Kellogg, 93 Fla. 261, 111 Sou. 637, the allegations of the bill of complaint are sufficient to charge extreme cruelty and habitual indulgence in violent and ungovernable temper. See also Gill v. Gill, 107 Fla. 558, 145 Sou. 758.

The question as to whether or not the alleged and admitted condonation occurring subsequent to the filing of a bill of divorce by the complainant which had been dismissed at the behest of complainant upon reconciliation being

reached on September 1, 1933, precludes the complainant from the right to file this bill of complaint which was filed on March 3, 1934, and therein alleging as ground for divorce the same misconduct which was alleged in a prior bill of complaint, together with charges of subsequent similar conduct, has been determined adversely to appellant's contention by this Court in the case of Williams v. Williams, 23 Fla. 324, 2 Sou. 768, in which case it was said:

"But appellant claims the benefit of condonation. Applying the rule on that subject, which holds that acts of cruelty committed after a reconciliation revive the former cruelty, condemnation being always conditional on good treatment in the future, we think the claim unfounded. 'The condition is that the party condoning shall be thereafter treated by the other with conjugal kindness. The meaning is, both that the like offense shall not be repeated, and that otherwise there be no conjugal unkindness. On a breach of the condition, the condoned offense is revived.' 2 Bish. Mar. & Div. No. 53. We need only recall appellant's conduct in connection with appellee's departure from home the last time, exciting fears that set her fleeing, as she thought from the penitentiary, and instigating his daughters to keep these fears alive to the end of a divorce to be procured by her, to satisfy us that the conjugal unkindness was grossly repeated after the condonation."

In this opinion the Court followed the well settled rule which is stated in 9 R. C. L. 384, as follows:

"It is well settled that condonation of past matrimonial offenses is impliedly conditioned upon the future good behavior of the offending spouse, and it follows that if after condonation the offenses are repeated the right to make the condoned offense a ground for divorce revives. To constitute a revival of the condoned offense the offending

spouse need not be guilty of the same character of offense as that condoned; any misconduct is sufficient which indicates that the condonation was not accepted in good faith and upon the reasonable conditions implied.

So, we hold that the orders appealed from are without error and should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.