FRANKIE WOODWARD v. CLAUDE C. WOODWARD.

165 So. 46
Division A.
Opinion Filed December 27, 1935.
Rehearing Denied January 25, 1936.

301

*Leo P. Kitchen* and *Dan R. Schwartz,* for Appellant;
*Z. Bass, J. A. Scarlett and Scarlett & Futch,* for Appellee.

DAVIS, J.—This is an appeal from a final decree of divorce procured by the appellee on the ground of his wife's desertion. Section 4985 C. G. L., 3191 R. G. S., paragraph 7.* Alimony or divorce proceedings of some kind or other have been in progress between the parties ever since August, 1925. In two of the cases two Circuit Judges adjudicated the equities with the husband.

That the wife has willfully, obstinately and continuously lived apart from her husband for a period of ten years or more, most of which time has been spent in her litigating with him concerning divorce, or alimony unconnected with divorce, cannot be successfully refuted. That her real cause of complaint against her husband was an aversion to her mother-in-law is likewise abundantly discernible from the record.

So the real proposition of law to be decided on this appeal is whether or not a decree for divorce on the ground of desertion by the wife can be sustained in a case where the wife has willfully, obstinately and continuously lived apart from her husband for a period of about ten years, but no part of that time has been a period of as much as one year uninterruptedly during which no litigation has been pending between the parties.

In Palmer v. Palmer, 36 Fla. 385, 18 Sou. Rep. 720, it was said:

*Willful, obstinate and continued desertion of complainant by defendant for one year.

"The voluntary separation by a wife from her husband, while proceedings for a divorce are pending between them, where such proceedings are not a sham and pretense, does not constitute such willful desertion as would authorize a divorce therefor. The settled usage of the courts, as a regard for public decency, is to require the parties, under such circumstances, to live separately."

In the suit at bar, the one year statutory Act of desertion was willful and obstinate in its inception, and time began to run against the wife immediately upon her first desertion of her husband, although interrupted by the institution of litigation which stopped the running of the statute only so long as the litigation was pending. In the case now before us the wife did not at first file a suit for divorce against her husband but filed against him a suit for separate maintenance, unconnected with divorce. Section 4988, C. G. L., 3196 R. G. S.

Assuming that under the rule of Palmer v. Palmer, *supra,* the time when all the various suits were pending must be excluded from the ten year period the wife has willfully and obstinately continued to live apart from her husband, which appears to have been occasioned because of her dissatisfaction with her mother-in-law, there is nevertheless left in this case a period of twelve months and twenty days of willful, obstinate and continued living apart from the husband persisted in by the wife during the ten years that have ensued since the first separation. This in our judgment is sufficient to make out the statutory period of her willful, obstinate and continued desertion required for a divorce—it appearing that the original desertion of ten years ago has never been interrupted by any resumption of marital cohabitation during that period.

What has just been said disposes of the merits of the

appeal and leads to a judgment here affirming the decree of divorce. This conclusion, however, leaves for disposition a pending petition for alimony and attorney's fees that was filed incident to the appeal, a ruling upon which petition was continued until the appeal, which was by agreement substituted on its merits in connection with said petition, could be further investigated.

Where the wife has litigated and lost in the court below, the allowance of attorney's fees, suit money and temporary alimony in the Supreme Court pending an appeal and in aid thereof, is not made as a matter of course, even where the wife was defendant in the court below. The presumption is, in cases where divorce has been granted, as it is in other cases appealed here, that the decree of divorce appealed from is correct. The burden of establishing probable cause to the contrary as a support for a petition to the Supreme Court for attorney's fees, suit money and alimony pending appeal is therefore upon the appellant, and such burden must be met before an allowance for either of such purposes will be ordered. Courtney v. Courtney, 108 Fla. 276, 146 Sou. Rep. 229; Worman v. Worman, 118 Fla. 471, 159 Sou. Rep. 577; Frohock v. Frohock, 117 Fla. 603, 158 Sou. Rep. 106; Schaefer v. Schaefer, 117 Fla. 103, 157 Sou. Rep. 331; McMillan v. McMillan, 114 Fla. 763, 154 Sou. Rep. 850.

In Schaefer v. Schaefer, *supra,* a decree of divorce granted against the wife was affirmed, but for good cause shown by timely petition filed in that case demonstrating that a substantial basis for an appeal on propositions of law existed on the defeated wife's part, the successful appellee husband was required to pay the wife's solicitor a reasonable attorney's fee for services rendered in investigating the record and preparing her briefs for the assistance of the

court in deciding the wife's contentions on appeal. In McMillan v. McMillan, *supra,* a similar allowance for a like purpose was made in advance of the appellate determination.

From an investigation of the record and briefs filed in this case on the wife's behalf, the Court has determined that an attorney's fee for the wife's solicitor should be allowed and that the sum of one hundred and twenty-five dollars is a reasonable fee to be allowed for the services performed, taking into consideration the financial status of the husband. The petition for alimony pending appeal goes down with the affirmance of the decree in the absence of some special or peculiar equity on the wife's part being shown.

Decree of divorce affirmed. Petition for attorney's fees allowed in sum of one hundred and twenty-five dollars. Alimony pending appeal denied.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.