ANNA PORTER COSLICK v. GEORGE M. COSLICK.

181 So. 832.

Opinion Filed June 9, 1938.
On Rehearing July 28, 1938.

*Baynard & Baynard* and *Jefferson D. Stephens,* for Appellant;

*B. M. Skelton,* for Appellee.

PER CURIAM.—Bill of Complaint, seeking divorce on three alleged grounds and asking for a division of the property, was filed by George Coslick, Complainant. On an appeal from an interlocutory order denying motion to dismiss the bill of complaint and denying motion to appoint guardian for complainant and denying motion to strike certain portions of the bill, this court held that the motion to strike certain allegations contained in paragraph five of the bill should have been granted "on the ground that the allegations so included were not sufficient to show extreme cruelty on the part of defendant toward the complainant and were not material for any other purpose," and that the other orders appealed from should be affirmed. See Coslick, 124 Fla. 511, 168 So. 847. The cause was remanded

for further proceedings. There remained two alleged grounds of divorce, to-wit: violent and ungovernable temper and desertion.

Answer was filed denying the material allegations of the bill and considerable testimony was taken before the Chancellor at various times. During the hearing of testimony on December 9, 1936, the Chancellor made this statement:

"At this state of the proceedings, plaintiff having heretofore rested his case, the court wishes counsel on both sides to know that a divorce cannot be granted on the ground of cruel or abusive treatment or ungovernable temper on the part of his wife towards him, and wishes the testimony from now on to enter into the question of whether or not there is desertion on her part of him."

The allegations in the original bill of complaint relative to the desertion are as follows:

"VII. Plaintiff alleges that the defendant has been guilty of continued wilful and obstinate desertion of the Plaintiff for a period of more than one year in that during said period of time while plaintiff and defendant were the owners of certain hotels, the defendant refused to live with the plaintiff or permit him to have food or lodging in said hotels, although the earnings of the plaintiff were contrib-uted to the upkeep of the hotels, making it necessary for the plaintiff to live at the Soldiers Home in St. Petersburg, Florida; that for more than one year last past, the plaintiff has maintained his residence in said Soldiers Home in St. Petersburg, Florida, as a direct result of the refusal of the plaintiff to permit him to have lodging and his meals in the hotels formerly owned by plaintiff and defendant and during the period of time complained of managed by defendant."

In paragraph four of the bill it was alleged that "plaintiff and defendant lived together as husband and wife un-

til about the first day of January, 1934, when they separated, and since that time have not lived together." This date was amended to read "November, 1933."

After the plaintiff had closed and the Court had directed that the testimony from now on "should enter into the question of whether or not there is desertion on her part of him," the plaintiff with leave of the Court filed the following amendment:

"Comes now the plaintiff, George M. Coslick, and after first obtaining leave of court, amends his bill of complaint in the following particular, to-wit: By adding to Paragraph VII the following:

" 'That since the institution of this suit, on to-wit: the 2nd day of April, 1935, the defendant has been guilty of wilful, obstinate and continued desertion of the plaintiff for more than one year last past; that said desertion has been wilful and obstinate and has continued from, to-wit: November, 1933, to the date of filing this bill of complaint, to-wit: the 2nd day of April, 1935, and thereafter without cessation until the date of this amendment, to-wit: the 10th day of December, 1936."

Upon motion the Court entered an order striking the following part of the amendment:

"That said desertion has been wilful and obstinate and has continued from, to-wit: November, 1933, to the date of filing this bill of complaint, to-wit: the 2nd day of April, 1935, and thereafter without cessation until the date of this amendment, to-wit: the 10th day of December, 1936."

This left only the following part of the amendment:

"That since the institution of this suit, on to-wit: the 2nd day of April, 1935, the defendant has been guilty of wilful, obstinate and continued desertion of the plaintiff for more than one year last past."

It is contended by the Appellant that the Chancellor

having ruled that a divorce cannot be granted on the ground of cruel or abusive treatment or ungovernable temper, only the ground of desertion was left. It is further contended that as part of the amendment was stricken leaving only an allegation of desertion since the institution of this suit, under the doctrines announced by this Court in Palmer v. Palmer, 36 Fla. 385, 18 So. 720, and Woodward v. Woodward, 122 Fla. 300, 165 So. 46, a divorce cannot be predicated upon desertion where the alleged desertion is confined to the period of time while divorce proceedings are pending, therefore the final decree of divorce should be reversed.

The doctrine announced in these two cases is undoubtedly sound but it has no application here. The pleading filed by Plaintiff below was not an amended bill of complaint but was an amendment to the bill of complaint. Nothing was stricken from the original bill and the only change made was "By adding to paragraph VII the following: That since the institution of this suit, on to-wit: the 2nd day of April, 1935, the defendant has been guilty of wilful obstinate and continued desertion of the plaintiff for more than one year last past;" the original bill of complaint sufficiently alleges desertion prior to the filing of the bill, upon which a decree of divorce could be rendered. There appears to be sufficient evidence to sustain the decree, and no reversible error appearing in the record, the decree appealed from is accordingly affirmed.

WHITFIELD, TERRELL, BROWN, BUFORD, and CHAPMAN, J. J., concur.

### ON PETITION FOR REHEARING

PER CURIAM.—The Appellant based her appeal primarily on the theory that the allegations of the Bill of Complaint, as amended, were not sufficient to charge desertion for one

year prior to the filing of the bill on April 2, 1935, and that the only desertion alleged was during the pendency of the suit. It is urged upon the Court, in this petition for a rehearing, that the evidence is insufficient to establish a desertion one year prior to beginning this suit as the evidence conclusively shows that the separation took place on May 2, 1934, when Appellee went to the Government Hospital for treatment and therefore only eleven months transpired. It is further contended that it is shown by the testimony that the Appellee left the Appellant voluntarily and went to the hospital for treatment, and that there was no desertion on the part of the wife.

Not having argued the sufficiency of the evidence to establish desertion in the briefs and the oral argument thereon, it is extremely doubtful that Appellant can raise this question at this late date. However, assuming that Appellant has not waived this assignment of error, we are still of the belief, as expressed in the former opinion, that "there appears to be sufficient evidence to sustain the decree."

The evidence discloses that there was a definite break between Mr. and Mrs. Coslick sometime before Mr. Coslick went to the hospital. Testimony of both parties established this date of separation more than a year prior to the filing of this suit.

Appellee, Mr. Coslick, testified as follows:

"Q. Tell the Court where you have lived since about November of 1933?

"A. After we had that quarrel I mentioned, of course for a time after a thing like that takes place, you are quite at a loss to know what to do. Well, I just stayed around the hotel thinking the thing would mend itself.

"Q. Where did you live in the hotel with reference to the defendant?

"A. I lived in Room No. 7.

"Q. Where was that with reference to the defendant's room?

"A. On the opposite side of the lobby."

He further testified:

"Q. You allege in your bill of complaint you lived with her until January 2, 1934.

"A. Well, I stated that we had this quarrel back there in November, 1933, and that from that date on we just did not live together as man and wife. I lived in a separate room. I was in the hotel but lived in another room across the lobby. We were in No. 4 and Mrs. Coslick locked her door to No. 4, to the room we had been using jointly, twin beds."

Appellee also testified.

"Q. I want you to state when the question of desertion took place, giving the court the dates and put in your own words. You set out in your bill your desertion had been more than a year. When did it start?

"A. It started about November, 1933.

"Q. Where did you live from November, 1933, until some other period?

"A. During the winter of 1933-1934 from about November of 1933 to the spring of 1934 that is the time I went to the Hospital at Bay Pines on May 2nd, I lived in Room 6 of the Albemarle Hotel.

"Q. With Mrs. Coslick or separate from her?

"A. Separate. She told me to get out of her room, she wanted me to get out altogether.

"Q. To get out of the Hotel altogether?

"A. Yes, but I didn't do it. She said for me to get out of the hotel entirely and leave as I was not wanted around there and I said I didn't think so, there must be

a place in the Hotel for me, and she said you cannot come in my room and so I went in Room 6.

"Q. From November, 1933, until you went to the hospital?

"A. Yes.

"Q. And from May, 1934, you have been at the hospital?

"A. I was at Bay Pines continuously without a break from May 2nd, 1934, to last month, no, this month, the sixth of this month."

The testimony of Mrs. Coslick is also pertinent on this issue:

"A. He was there until May as he said, it is true, but on the 12th day of January was my birthday and *that was the time we separated*. Shall I tell how?

"Q. Was that 1934 or 1935?

"A. 1934; 1935 he was not there it was not as he stated."

She then testifies that her husband became enraged at her and ordered her out of the room on January 12, 1934, and that she went through the bath room and locked the door in her office bedroom and gave him the bath and room. She further testified:

"Q. I ask you then, he has not lived with you since 1933, October or November, is that right?

"A. Yes, it is January, 1934, when he told me if I didn't clear out he would.

"Q. That is right, hasn't lived with you since about that time?

"A. Since January 12, 1934."

In speaking of this period of time between January 12, 1934, and May 2, 1934, when Mr. Coslick went to the hospital, the Appellant, Mrs. Coslick, testified, "He never

said any word to me in all those months, nothing was said, he sulked in and out of the house."

As before stated the bill of complaint was filed April 2, 1935. Thus the testimony shows that Mr. and Mrs. Coslick separated and ceased living together as man and wife not later than January 12, 1934, which was more than a year before the bill of complaint was filed, even though both of the parties continued to live in the hotel, which they had been operating, until Mr. Coslick went to the Government Hospital at Bay Pines for treatment on May 2, 1934.

The testimony is conflicting as to which of the parties deserted the other, and the Chancellor, by granting the decree of divorce, found for Plaintiff husband. The findings of the Chancellor on a question of fact will not be reversed unless shown to be clearly erroneous.

The Chancellor struck the words "on the grounds of desertion" from the prepared decree, leaving "That the equities of said cause are with the Plaintiff and against the Defendant, and it is proper that a decree of divorce be awarded to the Plaintiff." This does not indicate that the Chancellor did not award the decree of divorce on the ground of desertion, as is contended by Appellant. There is no rule of law requiring the Chancellor to specify upon what ground his decree is based.

No reversible errors have been made to appear by the Petition and, as there is ample evidence to sustain the findings of the Chancellor, the Petition is accordingly denied.

WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.