LENA HAMILTON, THE CITY OF CORAL GABLES, *et al.,* v. KATHERINE K. M. LAESCH.

184 So. 110.
Division B.
Opinion Filed October 21, 1938.

*Morton B. Adams,* for Appellants;

*Carr & Carr,* for Appellee.

CHAPMAN, J.—This is an appeal from an amended final decree of the Circuit Court of Dade County, Florida, in a foreclosure suit. The mortgage involved contained a clause to the effect that the mortgagor was granted the right and privilege to subdivide the mortgaged property into block and lots and upon payment of an amount of $1,150.00 per

lot, the same would be released or discharged from the said mortgage lien. The mortgage was dated May 15, 1925, and recorded in Mortgage Book 417, page 34, of the public records of Dade County, Florida, on May 18, 1925. It is admitted that the mortgaged premises lie within the incorporate limits of the City of Coral Gables, a municipal corporation created and established under Chapter 10418, Special Acts of 1925, Laws of Florida.

The lands described in the mortgage were divided into lots and streets and otherwise "platted" and said plat was recorded in Plat Book 20 at page 77 of the Public Records of Dade County, Florida. On May 19, 1926, Coral Gables Corporation, the owner of the fee simple title, executed a dedication of plats which were recorded on May 20, 1926, in Deed Book 955 at page 209, Public Records of Dade County, Florida. The pertinent portion of the dedication is, viz.: "Now, therefore, these presents witness, that the said Coral Gables Corporation, for itself, its successors and assigns, does hereby dedicate all streets, avenues, and other thoroughfares shown on said plats, to the free use of the public as such, provided that if such use of any part thereof shall or may be discontinued by law, such part shall revert to said Coral Gables Corporation, its successors and assigns." It has not been shown that the City of Coral Gables, under its charter authority, improved the highways as shown on said plats by the construction of hard surfaced streets and concrete sidewalks along said highways at the cost of the said city. The streets and sidewalks have been kept open to the use of the general public continuously since the alleged dedication thereof. The question for decision is: Is the dedication of land to the public use for streets by a mortgagor a superior right to a recorded mortgage lien whereby a provision authorized a subdivision of the mortgaged premises and a release of different units of the sub-

division from the mortgage upon the payment of the agreed price? It is contended by counsel for appellant that the provision in the mortgage granting the mortgagor the right and privilege to subdivide the mortgaged premises into lots and blocks is such an agreement of dedication to the public use as will release or discharge the property so dedicated from the mortgage lien. Counsel cites 8 R. C. L 886; 18 Corpus Juris 46; Boone v. Clark, 129 Ill. 466; 21 N. E. 850, 5 L. R. A. 276; Weills v. City of Vero Beach, 95 Fla. 818, 119 So. 330. We have given full consideration to the authorities, *supra,* but we fail to find in the record evidence on the part of the mortgagee that by her act, deed or conduct she ratified or confirmed the alleged dedication of her property for a public use.

To constitute a dedication at common law there must be an intention on the part of the *proprietor* of the land to dedicate the same to public use; there must be an acceptance by the public; and the proof of these facts must be clear, satisfactory and unequivocal. See City of Miami v. Florida East Coast R. Co., 79 Fla. 539; 84 So. 726. An examination of the record discloses no evidence on the part of the mortgagee to dedicate the lands claimed by the City of Coral Gables as streets or highways now being used by the public, being a part of the mortgaged premises. It has not been shown that an agent of the mortgagee authorized or ratified the dedication to public use. It is not claimed that the mortgagor or any person in his behalf paid the amount provided for by the terms of the mortgage and as a matter of law was entitled to have the same released or discharged from the mortgage lien.

In City of Miami v. Florida East Coast R. Co., *supra,* at page 549, it was held that a dedication is the setting apart of land for public use, and to constitute it, there must be *an intention by the owner* clearly indicated by his own words

or acts, to dedicate the land to the public use and an acceptance by the public of the dedication. Likewise a common law plat has no effect as a conveyance.

This Court has repeatedly held that in equity as in law every presumption is in favor of the correctness of the ruling of the trial court and a decree based largely or solely on questions of fact will not be disturbed unless clearly erroneous. See Viser v. Willard, 60 Fla. 395, 53 So. 501; Powell v. Powell, 77 Fla. 181, 81 So. 105; Whidden v. Rogers, 78 Fla. 93, 82 So. 611; Sandlin v. Hunter Co., 70 Fla. 514, 70 So. 553. The decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.