Drew, justice.
On April 11, 1951, the parties to this appeal separated. On August 10, 1951, pursuant to Chapter 65.10, F.S.A., the wife instituted suit against the husband for separate maintenance, unconnected with causes for divorce. This suit terminated in a final decree dated November 30, 1951, which found that the wife had failed to prove the allegations of the bill and dismissed the same.
On April 18, 1952, one year and seven days after the parties had separated, the husband instituted this suit against the wife for divorce on the ground of desertion. A final decree was réndered finding the wife guilty of wilful, obstinate and continued desertion for more than one year and this appeal is from that decree.
Appellant urges that the period covered by the litigation in the separate maintenance suit could not be considered in determining the period of desertion under the ruling of this Court in Woodward v. Woodward, 122 Fla. 300, 165 So. 46, and Palmer v. Palmer, 36 Fla. 385, 18 So. 720, and that therefore, for that, and other reasons, the decree below was erroneous.
Corpus Juris Secundum states the general rule that the time consumed by the pend-ency of a suit between the same parties for divorce, annulment or separate mam-tenance may not be computed as a part of a period of desertion. 27 C.J.S., Divorce, § 56 (d) (3), p. 601. In 17 Am.Jur. 208, par. 109, the general rule is stated as follows :
“If an'action for divorce is instituted and prosecuted in good faith by one spouse against the other, the time during which the action is pending is not counted in reckoning the statutory period on whi-ch ah' action for desertion can be based, even though it may develop that there is as a matter of fact no ground for divorce in such pending suit. ' * * *" (Emphasis supplied).
In Palmer v. Palmer, supra [36 Fla. 385, 18 So. 723], this Court stated “The voluntary separation by a, wife from her husband while proceedings for a divorce are pending between them, where such proceedings are-not a sham and pretense, does not constitute such willful desertion as would authorize a divorce therefor. .The settled usage of'the courts, as a regard for public decency, is to require the parties, under such circumstances, to lire separately.” (Emphasis supplied.) In Woodward v. Woodward, supra [122 Fla. 300, 165 So. 47], the above language was repeated and approved, but, continuing on the same subject, the Court said:
“In the suit at bar, the one year statutory act of desertion was willful and obstinate in-its inception, and time began to run against the wife immediately upon her first desertion of her husband, although interrupted by the institution of litigation which stopped the running of the statute only so long as the litigation was pending. In the case now before us the wife did not at first file a suit for divorce against her husband but filed against him a suit for separate , maintenance, unconnected, with divorce. Section 4988, C.G.L., section 3196, R.G.S.
“Assuming that under the ,rule of Palmer v. Palmer, supra, the time when all the various suits were pending must he excluded from the .ten-year period the wife has 'willfully and obstinately continued to live apart from her husband, -which appears to have been ot- *758 casioned because of her dissatisfaction , with her mother-in-law, there is nevertheless left in this- case a period of twelve months and twenty days of willful, obstinate, and continued living apart from, the husband persisted in by the wife during the ten years that have ensued since the first separation. * * * ” (Emphasis supplied.)
The latter case, Woodward v. Woodward, did not hold that the pendency of a suit under Chapter 65.10, F.'S.A. (alimony unconnected with cause of divqrce) was “time out” in a proceeding on the ground of desertion. This statute expressly provides that the parties may or may not be living together during the pendency of such proceedings, hence, the very foundation for the rule holding that the time consumed during the pendency of a divorce action cannot be Counted in calculating the period of desertion, is absent.
The appellant urges that the cases of In re Schriver’s Estate, 289 Ill.App. 581, 7 N.E.2d 611, and Floberg v. Floberg, 358 Ill. 626, 193 N.E. 456, 457, are authority for the proposition that the pendency of an action for separate maintenance is “time out” in calculating the period of desertion. This is true under the Illinois statute there involved, which according to the opinion in the Floberg case, “corresponds with the divorce of a mensa et thoro, which was the only kind of divorce granted by the ecclesiastical law.” The Illinois statute involved in these cases was similar to our' Statute 65.09, F.S.A., which provides for alimony where a cause for divorce exists.
We therefore hold that the lower court was correct in determining that the time consumed in the litigation under section 65.10, F.S.A., could be included in determining the period of desertion. We find no merit in the other questions presented. Affirmed.
TERRELL and MATHEWS, JJ., concur.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur specially.
THOMAS and SEBRING, JJ., dissent.