117 So.2d 16 (1959)
Kathryn V. REYNOLDS, Appellant,
v.
William A. REYNOLDS, Appellee.
No. B-10.
District Court of Appeal of Florida. First District.
December 10, 1959.
Rehearing Denied January 6, 1960.
*18 Powell & Barrow, Crestview, for appellant.
Ferrin C. Campbell, Crestview, for appellee.
STURGIS, Judge.
The appellant wife, defendant below in an action for divorce on the ground of desertion, seeks reversal of a final decree which denied her counterclaim for separate maintenance, granted divorce to the husband, and awarded alimony to the wife in monthly installments for a limited period of time.
The parties were married in March of 1927 at Bel Air, Maryland. In 1942, while living at Upper Darby, Pennsylvania (where the wife continues to reside), the husband entered military service. In 1943 the wife instituted suit for divorce while her husband was engaged overseas in that occupation, but dropped the action when he returned stateside. They continued to cohabit as husband and wife until sometime in 1952, when the conjugal relations ceased. However, the husband thereafter sporadically occupied the same house as the wife until January 1956, when he was transferred to Fort Rucker, Alabama. They have not since resided together or cohabited.
On January 25, 1957, the husband brought a suit for divorce in Dale County, Alabama, charging voluntary abandonment under Title 34, Section 20, Code of Alabama, and on June 4, 1957, the Alabama court entered a decree as follows:
"This cause coming on to be heard is submitted on oral testimony taken before the Court, and the Court having understood and considered said testimony, it is, hereby,
"Ordered, adjudged and decreed that the relief prayed for in the bill of complaint be, and is hereby denied."
We here take note that the Supreme Court of Alabama has construed the Alabama ground of "voluntary abandonment" as importing willful, obstinate and continuous desertion for a period of one year, which parallels the holding of the Supreme Court of Florida in respect to the essential elements for divorce in this state on the ground of desertion under Section 65.04(7), Florida Statutes, F.S.A. See Watkins v. Kidd, 261 Ala. 463, 75 So.2d 87, and Darden v. Darden, 246 Ala. 525, 21 So.2d 549, and compare Mitchell v. Mitchell, 91 Fla. 427, 107 So. 630, and Powell v. Powell, 77 Fla. 181, 81 So. 105.
Following the Alabama decree the husband established his residence in Florida, *19 where on March 12, 1958, he filed the suit presently on review. The complaint herein charged the wife with desertion "for a period in excess of twelve (12) months prior to the filing of this cause of action." Her answer generally denied that charge and  as an affirmative defense  alleged that the cause was res judicata by virtue of the Alabama decree. She also counterclaimed for separate maintenance, charging plaintiff with extreme cruelty and habitual intemperance.
On August 7, 1958  five months after this suit was filed  the parties stipulated that the plaintiff should be allowed to amend his complaint so as to charge that the desertion existed for a period of twelve months prior to August 1, 1958, rather than twelve months prior to the filing of the action as initially alleged. The complaint was amended accordingly. We pause to observe that this amendment could serve no useful purpose because power to grant divorce on the ground of desertion is lacking unless it is established that the desertion was willful, obstinate and continuous for a period of one year immediately prior to the commencement of the suit. However, the appellant has not demonstrated that any period of time subsequent to the filing of this suit was taken into account in computing the total period of the alleged desertion, and absent such showing we indulge the presumption that the chancellor correctly applied the law to the facts. We are also cognizant of the settled usage of the courts whereby the parties to a marriage are required to live separately pending divorce proceedings. Their voluntary separation during that period does not constitute willful desertion in contemplation of law. Palmer v. Palmer, 36 Fla. 385, 18 So. 720.
In rebuttal to the husband's proofs in the case on appeal, the wife filed in evidence certified copies of the bill of complaint and of the above quoted decree in the Alabama suit. The critical allegation of the complaint in the Alabama suit was that the wife "voluntarily and of her own free will and accord" abandoned the bed and board of the appellant for a period of more than twelve months immediately prior to the filing of that action. The mentioned documents constitute the sum of the proofs offered in the Florida suit by the wife in support of the defense of res judicata; and it also represents the total of the proofs upon which any theory of defense by way of judgment by estoppel could be found to exist.
The final decree in the Florida action contains findings to the effect that the trial court had jurisdiction of the subject matter and the parties to the suit and that equities were with the plaintiff husband. It thereupon granted divorce to the husband, but required him to pay alimony to the wife in fixed amounts during the months of September 1958 to February 1959, inclusive, and also to pay a fixed sum for the services of her attorney. The wife appealed
The assignments of error challenge (1) the jurisdiction of the trial court under Section 65.02, Florida Statutes, F.S.A., which specifies the residence requirements of the complaining party, to entertain the action, (2) the sufficiency of the evidence to support the decree of divorce, and (3) the adequacy of the alimony awarded.
We see no need to detail the evidence concerning the husband's residence in this state. Suffice it to say that there is competent evidence in support of the trial court's finding that it had jurisdiction over the subject matter of the cause and the persons of the parties. Unlike Campbell v. Campbell, Fla. 1952, 57 So.2d 34, in which our Supreme Court held that the proofs indicated constructive residence only, the husband's proofs in this case clearly demonstrate that he maintained actual residence in Florida for the six-months period immediately prior to commencement of suit, thus satisfying Section 65.02, Florida Statutes, F.S.A. Appellant's *20 first point, therefore, is without merit.
In order for the defense of res judicata to prevail, the final judgment or decree relied upon must reflect within its four corners matters from which it can be determined that the second suit is (1) upon the same cause of action, (2) between the same parties as the first, and (3) that the final judgment in the first suit upon the merits is conclusive in the second suit as to every question that was presented or might have been presented and determined in the first suit. These elements have a special significance when sought to be applied in successive suits for divorce on the ground of desertion. As said in Prall v. Prall, 1909, 58 Fla. 496, 50 So. 867, 871, 26 L.R.A.,N.S., 577:
"While the welfare of society demands exemption from unnecessary and vexatious divorce litigation, the principles of res adjudicata should not be so applied as to prevent one determination of every distinct cause of action under the statutes authorizing divorces for specific and separate species of misconduct. See Lea v. Lea, 99 Mass. 493, 96 Am.Dec. 772."
It will be noted that the within quoted Alabama decree is silent as to the element or elements of proof the lack of which resulted in denial of the divorce sought in that forum. There is nothing elsewhere in the record on this appeal from which it can be determined whether the Alabama court denied relief because of the plaintiff husband's failure to establish "voluntary abandonment" (as the Code of Alabama designates the ground for divorce there involved) on the part of the wife, in the sense that she willfully and obstinately quit the bed and board of her husband, as required by the laws of that state as well as of Florida, or that the Alabama divorce was denied because of the husband's failure to establish that such "voluntary abandonment" was continuous for the statutory period of one year immediately prior to the commencement of the Alabama suit, as also required by the laws of that state. In fact, the factual basis for denial of relief in the Alabama proceeding is not ascertainable from the record on this appeal.
It is apparent in the physical nature of things that where the law requires that the act of desertion must be continuous for a specified period of time immediately prior to the commencement of the action, successive suits for divorce on the ground of desertion necessarily involve separate and distinct factual situations in respect to that time element.
It may be that relief was denied to the husband in the Alabama suit solely because the proofs in that action showed something less than the required one year of willful and obstinate "voluntary abandonment". If such was not the case, it was the burden of the defendant wife, in support of her affirmative defenses in the Florida action, to establish the contrary by proofs removing the obscurity with which the trial court was faced as a result of the paucity of her proofs. Absent such proof, it does not necessarily follow that a full year must elapse after entry of the Alabama decree before a suit on the ground of desertion could be maintained by the plaintiff in this state.
In computing the period of willful, obstinate, and continued desertion for one year as required by the statute, the following rule announced by our Supreme Court in Betts v. Betts, Fla., 63 So.2d 302, 304, appears applicable:
"In considering this question, we are at once confronted with the necessity of determining whether such desertion was `willful and obstinate' for the statutory period, in the light of the rule that, ordinarily, the running of the statute is stopped while divorce proceedings are pending between the parties. Palmer v. Palmer, 36 Fla. 385, 18 So. 720, 723. It appears that at no time since December 26, 1948, has *21 there been a continuous period of one year which has been uninterrupted by divorce litigation between the parties. But this is unimportant if, in fact, the periods uninterrupted by bona fide litigation, when added together, are as much as one year. Woodward v. Woodward, 122 Fla. 300, 165 So. 46."
Applying this rule in the present appeal, we conclude that the interruption by the Alabama suit of the one-year period preceding the filing of the Florida suit was immaterial if, prior to the filing of the Alabama suit, there was sufficient time of desertion which would, if added to the period of desertion between the Alabama decree and the filing of the Florida suit, add up to one year or more. In other words, if such desertion existed during the nine months between June 4, 1957, when the Alabama decree was entered, and March 12, 1958, when the Florida suit was filed, and if such desertion existed during the three months before January 25, 1957, when the Alabama suit was filed, the statutory requirement in Florida of willful, obstinate and continued desertion for one year would be satisfied. The finding of such desertion is wholly consistent with the Alabama decree, so far as the record before us is concerned, for the Alabama court might well have found that there was desertion during the three months preceding the filing of that suit on January 25, 1957, but not desertion for a full year as required in Alabama.
The case of Field v. Field, Fla. 1953, 68 So.2d 376, 378, closely approaches the problem on this appeal. There the trial court dismissed the complaint because the evidence did not preponderate to the effect that the desertion was continuous for a period of one year prior to the filing of the complaint, but the dismissal was "without prejudice to his [plaintiff's] right to institute such further action as he deems necessary." The Florida Supreme Court, speaking through Mr. Justice Drew, held that the question of divorce on the ground of desertion could be relitigated in a subsequent suit between the parties. We think that implicit in that holding is the proposition that in such subsequent suit it is competent to compute, as part of the period of desertion, the time elapsing between the date of the decree in the former suit and the date the subsequent suit is filed. It seems apparent, therefore, that the Florida Supreme Court recognizes, as we do, that the last one of successive suits for divorce on the ground of desertion necessarily involves a factual situation, insofar as the time element is concerned, different from that involved in the former proceeding. The situation in the Field case, as well as in the case on review, should not be confused with that which exists where an action is prematurely brought, for under the latter type of case there is no disposition on the merits and no reason why the action should not be entertained as soon as the premature feature is removed. For the reasons stated we hold that the evidence presented by the appellant wife on the defense of res judicata is insufficient to establish the same, which accords with the finding of the chancellor implicit in the decree on appeal.
While judgment by estoppel was not pleaded as a defense in this cause, we deem it appropriate to point out that full faith and credit need not be given to a final decree of a sister state when estoppel by judgment is the appropriate test unless the precise facts offered in the pending suit were heard and determined in the former suit adjudicated in the foreign jurisdiction; and the burden rests on the party pleading it to establish such facts. Bagwell v. Bagwell, 153 Fla. 471, 14 So.2d 841. For a comprehensive discussion of the distinctions between the defenses of res judicata and estoppel by judgment see Gordon v. Gordon, Fla. 1952, 59 So.2d 40, certiorari denied 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680.
Having determined that the wife's proofs are inadequate to establish her affirmative defense, it follows that the *22 validity of the decree of divorce depends on whether there is competent evidence to sustain the charge of desertion. Admittedly, in order to so find it was necessary for the trial court to take into account and allow the plaintiff husband the benefit of the period of desertion, if any, transpiring prior to the date of the commencement of the Alabama suit. This is so because less than one year elapsed between the date of the decree in that suit and the date this suit was filed. Conceding his clear authority to do so under the rule announced in Woodward v. Woodward, 122 Fla. 300, 165 So. 46, and followed in Betts v. Betts, supra, and Gordon v. Gordon, supra, and applying the rule to the facts in the case on appeal, which we deem it unnecessary to detail, we find that there was ample competent testimony from which the chancellor might have concluded, as he did, that the plaintiff husband's charge of desertion was duly established. The chancellor's conclusions as trier of disputed facts will not be disturbed in the absence of a clear showing of abuse, and such does not appear. Therefore, appellant's second ground for reversal is not sustained.
On the third point for decision, it is within the sound judicial discretion of the trial court to grant or withhold alimony. Sanchez v. Sanchez, 1885, 21 Fla. 346. Since the equities of this cause were found to be with the husband, the chancellor would have been warranted in denying alimony altogether.
Affirmed.
CARROLL, DONALD, J., concurs.
WIGGINTON, Chief Judge, dissents.
WIGGINTON, Chief Judge (dissenting).
I regret to find myself in a position of sincere disagreement with the conclusion reached by my esteemed colleagues as expressed in the majority opinion.
In order to sustain the defense of res adjudicata, there must exist an identity of parties and an identity of the cause of action. The test to be applied in a divorce action in order to decide whether the second suit is founded upon a new or separate cause of action is not simply whether a different statutory ground for divorce is asserted, but whether the facts necessary to the maintenance of such suit are essentially the same as those which were relied upon to establish plaintiff's alleged right to a decree in the first action, and whether the decree or judgment sought in each requires the same degree of proof to justify or sustain it.[1] The term "facts" used in the foregoing rule means ultimate facts as distinguished from evidentiary facts. I therefore agree with the majority opinion that since there exists an identity of parties and an identity of cause of action, the defense of res adjudicata was properly asserted by wife in this cause.
The record before us reveals without conflict that by the complaint for divorce filed in the Alabama suit in January 1957, husband alleged that wife had voluntarily abandoned his bed and board during the period from 1949 to the date of the filing of his complaint. The final decree on the merits entered in that case on June 4, 1957, recites that the cause came on to be heard on oral testimony taken before the court, upon consideration of which it was ordered and decreed that the relief prayed for in the complaint be denied.
The testimony presented by husband in his subject Florida action as to desertion by wife from June 1952, to the filing of the suit, is essentially the same as he would have been required to present in order to establish his charge of voluntary abandonment by wife from 1949 to the filing of his complaint in the Alabama action. A determination of the cause of action charged in both *23 suits is conclusive in the Florida suit as to every question that was presented or might have been presented and determined in the Alabama suit.[2] The principal question necessarily presented in that suit was whether wife was in fact guilty of wilful, obstinate and continued desertion of and from her husband, irrespective of any time element which may have been involved. Since the issue of desertion by wife from 1949, the date alleged in the Alabama complaint, to June 4, 1957, the date of the Alabama decree, was resolved adversely to husband, that decree is res adjudicata as to any charge of desertion against wife prior to the entry thereof. The Alabama decree put at rest and entombed in eternal quiescence every justiciable, as well as every actually adjudicated issue.[3] Accordingly it was entitled to recognition and enforcement under the full faith and credit clause of the Federal Constitution.[4]
The action which we now review was instituted in the Circuit Court of Okaloosa County, Florida, on March 12, 1958, less than one year subsequent to the entry of the Alabama decree. The statute under which plaintiff seeks relief requires that the desertion be wilful, obstinate and continued for a period of one year.[5] This statute has been construed to mean that the desertion must have continued for the statutory period prior to the institution of the action.[6]
By his brief husband frankly admits that the desertion upon which he relies to sustain the decree is for the one year period prior to August 1, 1958, a date more than four and one-half months subsequent to the institution of the suit. It is settled in this jurisdiction that time consumed in litigation between the parties cannot be included in computing the period of desertion. Since it affirmatively appears without dispute that less than one year ensued between the entry of the Alabama decree and the institution of this action, plaintiff failed to meet the statutory requirements entitling him to the relief granted by the final decree. The amendment to the complaint made pursuant to stipulation of counsel and alleging that the desertion charged continued for one year prior to August 1, 1958, did not supply the fatal insufficiency of husband's proof. Defendant's joinder in the stipulation neither admitted the truth of the facts alleged in the amendment, nor the legal efficacy of the evidence adduced as proof thereof.
The majority opinion correctly holds that res adjudicata is the proper defense applicable to the facts in this case, and correctly states the rules of law to be applied in testing the sufficiency of the proof offered in support of the defense of res adjudicata. The majority depart from the settled law when, for some unexplained reason, they proceed to apply to the proof in this case the test which is applicable only to the defense of estoppel by judgment. By doing so, the majority opinion imposes upon the defending wife a burden of proof which she would properly have had to sustain only if her defense had been estoppel by judgment, but which she is not required to sustain under her defense of res adjudicata.
As above stated, the defense of res adjudicata is applicable where there is an identity of parties and an identity of causes of action. The judgment or decree in the first suit rendered in favor of the party pleading res adjudicata is conclusive in the second suit as to every question that was presented or might have been presented and determined in the first suit. The only proof required of the defending party to establish the defense of res adjudicata is a showing that the parties and the causes of action are identical, and that the judgment or decree rendered on the merits in *24 the first suit was favorable to him. Such burden can be met by offering in evidence, as was done in this case, certified copies of the complaint revealing the parties and cause of action sued upon in the first suit, and a copy of the judgment or final decree on the merits of that suit rendered in favor of the defending party.
Had the causes of action in both the Alabama suit and the Florida suit not been identical, and had the question of defendant's desertion been presented to and necessarily adjudicated by the court in the Alabama suit, the wife's defense in the case now before us would properly have been that of estoppel by judgment. To sustain this type of defense the burden would have rested on the wife to show with sufficient certainty by the record or extrinsically that there was litigated and adjudicated in the Alabama suit the precise factual issues necessary to establish the husband's cause of action for desertion in the Florida suit.
In establishing the defense of estoppel by judgment the customary form of proof is a certified transcript of the entire record in the first suit showing that the precise factual issues were therein presented and adjudicated on which the opposing party is attempting to rely in the second suit as grounds for the relief he asks. One asserting the defense of estoppel by judgment has a heavier burden to carry in order to sustain such a defense, and the type and quantum of the evidence which he is required to introduce in the second suit is much different than if his defense was one of res adjudicata. A clear exposition of this principal of law, and the distinction between the defenses of res adjudicata and estoppel by judgment, is ably discussed by Chief Judge Charles Carroll of the Third District Court of Appeal in the Stone case.[7]
The majority opinion in this case falls into error when it holds that a burden rested on defending wife to prove that the precise factual issues on which the plaintiff relied for relief in this action are the identical factual issues which were presented to and adjudicated by the court in the Alabama suit. The majority opinion finds that this burden of proof was not met, and therefore holds that the defense was not properly established. The majority opinion indulges in unwarranted speculation and conjecture when it surmises that the husband's proof in the Alabama suit may have established desertion on wife's part for a period of at least three months prior to the filing of that suit, which three-months period of desertion, if in fact such was ever proved, could be tacked on to the nine months desertion shown by the evidence in the Florida suit to have existed from the date of the Alabama decree to the date the Florida suit was filed, thereby establishing one year of desertion as required by the law of Florida. There is nothing in the record before us which would justify any such assumption on the part of this court. By his complaint in the Alabama case the husband contended that his wife was guilty of desertion from 1949 to the date of the filing of his complaint in that court in January 1957. In the Florida suit the husband alleged and sought to prove that the wife was guilty of desertion from June 1952 to the date of filing his complaint in the Florida suit in March 1958. Having suffered an adverse decree in the Alabama suit, and the claim of desertion having been adjudicated on its merits adversely to plaintiff by the decree entered therein, plaintiff could not later be heard to claim any period of desertion by his wife prior to the entry of the Alabama decree on June 4, 1957.
The majority opinion seeks to justify its holding on the authority of the Field case, decided by the Supreme Court of Florida.[8] Neither the question of res adjudicata or estoppel by judgment were involved nor commented upon by the Supreme Court in the Field case. That case involved a suit for divorce brought by the husband on the *25 ground of desertion. The decree entered by the chancellor was nothing more than a qualified decree of dismissal, and was not a decree on the merits of the cause. In affirming that decree, our Supreme Court pointed to the recitals therein by which the chancellor specifically found that although the evidence established desertion by the wife, it failed to establish that such desertion had continued for the one year period of time required by the statute and therefore dismissed the action without prejudice. The Supreme Court merely held that the finding by the chancellor that the proof established the wife's desertion was gratuitous and not binding on either of the parties to the cause. The inference from the court's opinion is that in any subsequent suit filed by either of the parties in which the issue of desertion would be involved, each party is free to again litigate the question of desertion regardless of the finding made by the chancellor in the decree appealed from. The Alabama decree on which the defendant wife in this case relied as proof of her defense of res adjudicata was not a qualified decree of dismissal without prejudice as was involved in the Field case, but was a final decree on the merits of the cause and contained no such findings of fact as were recited in the decree affirmed in Field. The ruling in the Field case has no application to the facts in this cause and therefore cannot be considered as authority in support of the majority opinion.
There is nothing in the decree from which this appeal is taken to indicate that the chancellor found that defendant wife was guilty of any period of desertion prior to the entry of the decree in the Alabama suit. The decree is silent with respect to any specific findings of fact as to what period of desertion was taken into account by the chancellor in finding that the equities of this cause are with the husband, and he is entitled to the relief prayed for in his complaint. I am, therefore, reluctantly forced to the conclusion that the chancellor in this case applied to the evidence an incorrect principle of law by accepting the theory so frankly relied upon by the husband's attorney on appeal by which he contends that his proof of desertion for the period of time subsequent to the entry of the Alabama decree, and continuing to August 1, 1958 (some four and one-half months after the action was filed in the Florida court), was sufficient to prove the one year period of desertion required by our statute.
For the foregoing reasons it is my opinion that the decree appealed from is erroneous and should be reversed with directions that the complaint be dismissed.
NOTES
[1] Gordon v. Gordon, Fla. 1952, 59 So.2d 40; Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577.
[2] Stone v. Stone, Fla.App. 1959, 111 So.2d 486; Prall v. Prall, see note 1.
[3] Gordon v. Gordon, see note 1.
[4] United States Constitution, Art. IV, Sec. 1.
[5] F.S. Sec. 65.04(7), F.S.A.
[6] Powell v. Powell, 77 Fla. 181, 81 So. 105.
[7] Stone v. Stone, supra note 2.
[8] Field v. Field, Fla. 1953, 68 So.2d 376.