CHARLOTTE E. STRAUSS v. HARRY STRAUSS

3 So. (2nd) 727
Special Division B
Opinion Filed July 29, 1941
Rehearing Denied Sept. 16, 1941

24

*Jack Kehoe,* for Appellant;

*J. F. Gordon,* for Appellee.

TERRELL, J.—This suit was instituted for the purpose of securing a divorce, custody of a minor child,

and for accounting as to certain properties acquired during the marriage of the parties, but it reached this Court as a controversy over the division of an estate by the entireties.

The essential facts are not disputed and are as follows: Appellant and appellee were married in February, 1923, and lived together until September, 1940. Appellee was first a butcher but soon turned bootlegger and later bookmaker. Their domestic tranquility was frequently punctuated by squalls that reached hurricane proportions, but they both agitated the squalls and apparently enjoyed them so long as they had the resilience of youth to rebound from them. One child was the product of the union and they accumulated considerable property which was taken in the joint name of both. The final decree awarded the complainant a divorce and custody of the minor child, twenty dollars per week as support for the child, and certain amounts for attorneys' fees, but required her to convey her interest in the property acquired during coverture to defendant.

This appeal is from that part of the final decree requiring complainant, who is appellant here, to convey her portion of the estate by the entireties to the defendant. She contends that there is no basis in the record for this part of the final decree and that the chancellor was in error in so decreeing.

Estates by the entirety are predicated on the unity of husband and wife making them one person in law. They are dependent on the marital relation for continuance, both spouses being considered equally interested in the res but the interest is not severable. The general rule is that an absolute divorce destroys an estate by the entireties and converts the husband

and wife into joint tenants or tenants in common as if never married, in which relation they are equally interested but partition may be secured by either. Bailey v. Smith, 89 Fla. 303, 103 So. 833; Reed v. Reed, 109 Md. 690, 72 Atl. 414; Thompson on Real Property, Permanent Edition, Vol. 4, page 346, Section 1814.

When property is purchased by the husband and deeded to the husband and wife jointly, an estate by the entireties is created and the presumption of law is that it was intended as a gift to the wife which will be recognized and upheld until overcome by conclusive evidence. Francis v. Francis, 133 Fla. 495, 182 So. 833. This Court is also committed to the doctrine that when the wife contributes money or labor over a period of years to the acquisition of property, she acquires a peculiar equity in it which may be enforced. Windham v. Windham, 144 Fla. 563, 198 So. 202.

In requiring appellant to convey her interest in the properties held by the entireties to appellee, the chancellor appears to have proceeded on the theory that said properties were paid for with funds of the husband and that he had dominion over them. We have searched the record and find no support to warrant this conclusion.

The evidence not only fails to support the chancellor's conclusion but it leaves one with a decided feeling that appellant was a silent partner in all of appellee's ventures and aided him materially in acquiring the property brought in question as well as other properties. They rented their home to winter visitors at a profit and moved into cramped quarters. She earned money in conducting her husband's business or aiding in its conduct; he used her as a buffer to ward off the

sheriff and the proceeds derived from all went to buy properties to enlarge their holdings.

We are conscious of the old common law rule giving the husband full control of the wife's property and income and subjecting her to his will in every specie of transaction but equity and the statutes have removed practically all such restrictions. It was inevitable that this be done because in the main these restrictions were harsh and inequitable, were pagan in concept and were engrafted on the common law from an alien source. The very purpose of equity was to humanize the common law by modifying or removing its unconscionable burdens.

Every system of law known to civilized society generated from or had as its complement one of the three well known systems of ethics, pagan, stoic, or Christian. The common law draws its subsistence from the latter, its roots go deep into that system, the Christian concept of right and wrong or right and justice motivates every rule of equity. It is the guide by which we dissolve domestic frictions and the rule by which all legal controversies are settled.

Measured by that yardstick, what is right and just between the parties in this case? They lived together over seventeen years. True it was something of a hawk and buzzard affinity, but they fought it out and accumulated considerable property. The mother has been awarded the custody of the child which necessarily means its support and education. From the fidelity she is shown to have exercised in the administration of the business, we think as a matter of right, she is entitled to retain her interest in the properties brought in question.

In the southwest where community property is rec-

ognized, the husband and wife share equally in all property accumulated during coverture. There is a perfectly sound basis for this rule and it will be applied in this State when the circumstances warrant. Viewed solely as a matter of economy, the labor, pain and drudgery required of the mother in sustaining the home, giving birth to and rearing the children will often more than offset the contribution of the father to the family budget. There are no five- or six-day weeks in her cycle of duties, nor is she awarded extra pay for overtime. She is subject to call at all hours of the day and night and in nine cases out of ten, where there comes a rift in the marital ties, she is awarded the custody of the minor children. This of course has reference to the mother who takes motherhood seriously, who knows the virtue in the catechism, castor oil, paregoric, and hickory tea.

The appellant has shown her right to the property in question and the presumption in her favor is not overcome, so that part of the final decree appealed from is reversed. The application for the allowance of additional attorneys' fees is remanded to the chancellor to be considered and to make such decree as to him may seem meet and proper.

Reversed and remanded.

BROWN, C. J., BUFORD and CHAPMAN, J. J., concur.