### MARY ANN KOLLAR v. JOSEPH BLAINE KOLLAR

2. So. (2nd) 356                                  January Term, 1945
March 13, 1945                                              Division B
Rehearing denied April 4, 1945

*Sumner & Sumner,* for appellant.

*George P. Garrett,* and *Denison & Smith,* for appellee.

SEBRING, J.:

On June 30, 1942, Mary Ann Kollar brought suit for divorce against Joseph Blaine Kollar charging him with extreme cruelty and with habitual indulgence in violent and ungovernable temper. Joseph Blaine Kollar answered the bill of complaint denying the grounds alleged; and, by way of affirmative relief, asked for a divorce from the plaintiff on another legal ground for divorce recognized by the statute. Thereafter the parties effected a reconciliation and the bill of complaint and the answer praying for affirmative relief were dismissed.

On August 6, 1943, Mary Ann Kollar again instituted suit for divorce against Joseph Blaine Kollar, alleging that since the reconciliation the defendant by repeated acts of extreme cruelty and violent and ungovernable temper had not only revived the former grounds for divorce set up in the first bill but had been guilty of such subsequent conduct as to justify the granting of a decree of divorce to her upon additional grounds occurring after the condonation. Joseph Blaine Kollar, by answer, denied the allegations of the bill and filed his counterclaim for divorce alleging that not he, but the plaintiff in the suit, had breached the conditions upon which a reconciliation between the parties had been had, by her subsequent misconduct, and that he, and not the wife, should have the divorce on the ground urged by him in the original divorce proceeding.

Testimony was taken on the issues. At the conclusion of the hearing the chancellor found that the plaintiff had not proven her grounds of divorce and that her bill should be dismissed. The chancellor also found that "the course of behavior pursued by the plaintiff subsequent to the reconciliation constituted such conjugal unkindness toward the defendant as to lift the bar of condonation, and in consequence of that, the defendant is entitled to a decree of divorce." The final decree granted a divorce to the husband because of acts committed by the wife prior to the reconciliation of the parties. Mary Ann Kollar has taken an appeal from the final decree and has assigned as error the dismissal of her bill of complaint, the granting of a divorce to the defendant, and the award to the defendant of the marital home which was held by the parties as an estate by entirety.

Condonation, in the law of divorce, is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated and that the offending spouse shall thereafter treat the forgiving party with conjugal kindness. Williams v. Williams, 23 Fla. 324, 2 So. 768; Fekany v. Fekany, 118 Fla. 698, 160 So. 192; Henderson v. Henderson, 137 Fla. 770, 189 So. 24; Phillips v. Phillips, 146 Fla. 311, 1 So. 2nd 186; Masilotti v. Masilotti, 150 Fla. 86, 7 So. 2nd 132; Forde v. Forde, 152 Fla. 142, 10 So. 2nd 919. So long

as there is no breach of the condition upon which forgiveness is granted, the condonation of the matrimonial offense deprives the condoning spouse thereafter to seek a divorce for such offense, as the forgiveness will stand as a complete, absolute and irrevocable bar. Phillips v. Phillips, supra; Masilotti v. Masilotti, supra. But inasmuch as every condonation is on condition, express or implied, that the offense will not be repeated and that the offender will thereafter treat the forgiving party with conjugal kindness, a condoned matrimonial offense may be revived by the subsequent commission of other marital offenses so as to permit a divorce on the ground of all offenses whether committed prior or subsequent to the condonation. Williams v. Williams, supra; Ringling v. Ringling, 119 Fla. 210, 161 So. 406; North v. Ringling, 149 Fla. 739, 747, 7 So. 2nd 476. Moreover, by the weight of authority, a condoned marital offense may be revived by misconduct of the offending spouse which, though perhaps not sufficient in and of itself to constitute ground for divorce, is of such a grave nature as to raise a reasonable probability that the condition upon which forgiveness was given was not accepted in good faith, or that if the marriage relation is continued a new cause for divorce will arise. See 27 C.J.S. pp. 617-618, Sec. 62(2); 17 Am. Jur. p. 259, Sec. 213; Ringling v. Ringling, supra; North v. Ringling, supra.

We find ample evidence in the record to sustain that portion of the final decree dismissing plaintiff's bill of complaint and awarding the defendant a divorce on the grounds alleged by him. The proof submitted on the question of the breach of condition upon which forgiveness was granted by the husband to his wife was of such a nature as to warrant the chancellor in receiving evidence on the ground of divorce alleged to have been committed by the wife prior to the reconciliation of the parties. The testimony concerning such ground of divorce is likewise convincing. Though there was no direct evidence to prove the ground asserted, such proof is not required but circumstantial evidence will suffice. The rule approved by the weight of authority is that if the circumstances proven are such as to lead the guarded discretion of a reasonable and just man to the belief that a given act

is committed, such testimony is sufficient. Engebretsen v. Engebretsen, 151 Fla. 372, 11 So. 2nd 322. The evidence before us on the point comes up to the rule.

The final assignment of error which we shall consider concerns the disposition made by the chancellor of the marital home of the parties which had been deeded to them as an estate by entireties some seven or eight years prior to the institution of this suit. The chancellor found in his decree that "the defendant acquired the land, built the home, and maintained it, with his own funds; the plaintiff neither made any contribution of funds to this source nor any other source, to assist the defendant, nor did she render any services above and beyond the ordinary marital duties as his wife; while, on the other hand, the defendant amply cared for the plaintiff, and in addition thereto, has given her certain valuable property rights, including an automobile. Under the circumstances of the case, it thus appears that the defendant did not intend to give the plaintiff an interest in the home place, and, therefore, defendant is entitled to the relief which he seeks in such property."

We find ourselves unable to agree with the conclusion reached by the chancellor on this point. It is the rule that when property is purchased by the husband and deeded to the husband and wife jointly, an estate by the entireties is created and the presumption of law is that such property interest was intended as a gift to the wife, and such property interest will be recognized and upheld until the presumption is overcome by conclusive evidence. Strauss v. Strauss, 148 Fla. 23, 3 So. 2nd 727. We are of opinion that the husband has failed to meet the burden. It is true, as found by the learned chancellor, that the original purchase of the property was made with funds of the husband, and that he has furnished the home and maintained it at his sole expense. The husband has also denied that at the time of the transaction he intended a gift of a property interest to his wife. But we cannot overlook the fact that in the record there appears the sworn statements of the husband, made not once but several times, that when he purchased the property he advised his wife that he had placed it in both names; that he "figured on

giving half;" that he wanted her to have it if he died so that she would have a source of income to maintain herself and the children. Such statements, made at the closing of the transaction and at a time when the parties were living together in some semblance of peace and harmony, are entirely compatible with the theory that the husband intended the creation of a joint interest in the property during the lives of the parties, with right of survivorship in the wife in the event he predeceased her. In the face of such sworn admissions it cannot be fairly said that the husband has overcome the presumption of a gift to the wife. In requiring the appellant to convey her interest in the property to the appellee we are therefore of opinion that the chancellor committed error. The general rule is that an absolute divorce destroys an estate by the entireties and converts the husband and wife into tenants in common as though never married, in which relation they have an equal undivided interest in the property but partition may be secured by either. . Strauss v. Strauss, supra. The decree appealed from must be modified to conform to this rule.

We have before us a motion by appellant that she be allowed a reasonable attorney's fee for the services of her attorney in presenting her case on appeal to this Court. Upon consideration of the record, the sum of one hundred fifty dollars is hereby awarded for such services, to be paid by the appellee.

The decree appealed from is affirmed in part and reversed in part.

It is so ordered.

CHAPMAN, C. J., BROWN, THOMAS and SEBRING, JJ., concur.