44 So.2d 286 (1950)
RAY
v.
RAY.
Supreme Court of Florida, Division B.
February 3, 1950.
Rehearing Denied March 4, 1950.
*287 James G. Pace and Edmund B. Sigman, Miami Beach, for appellant.
Ruff & Ready, Miami, for appellee.
CHAPMAN, Justice.
It appears by the record in this cause that the parties hereto married on August 16, 1948, at Fort Lauderdale, Florida. The husband was 64 years of age and the wife 48 when the marriage ceremony was performed. Each had previously been married and divorced. On August 21, 1948, the husband, being the owner of described real estate located in Dade County, Florida, joined by his wife, conveyed by warranty deed a one-half undivided interest in the husband's real estate to the wife, marriage being alleged as the consideration for the deed.
The parties lived together as husband and wife for a period of some five or six days. The wife filed a bill of complaint and a decree of divorce was entered on the ground of cruelty. The husband, by appropriate pleadings, contended that the consideration for the deed to the wife had failed and therefore the conveyance was invalid, as the wife had promised and agreed to live with him as his wife for the period of his natural life as a consideration for the deed; that he was forced to withdraw cohabitation because of the conduct of the wife.
The wife contended by appropriate pleadings and testimony adduced in the record to support the contention, if believed by the Chancellor, to the effect that the husband executed the deed to her in consideration of marriage. Voluminous testimony was taken, a considerable portion appearing in the record was not germane to the issues, and the Chancellor below decided the disputes and conflicts in the testimony as to the consideration for the deed in behalf of the wife and against the contentions of the husband. The husband appealed and seeks a reversal of the decree entered below.
In a deed by a husband to a wife of real estate, the presumption of law is that it was intended as a gift to the wife, which will be upheld until overcome by conclusive evidence. Hargett v. Hargett, 156 Fla. 73, 23 So.2d 305; Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356; Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Francis v. Francis, 133 Fla. 495, 183 So. 833, and similar cases. It has not been made to appear on this record that the Chancellor abused his discretion in settling the disputes and conflicts in the testimony favorable to the wife and against the husband. The factual element presented in Scoville v. Scoville, Fla., 40 So.2d 840, is absent in the case at bar.
Counsel for appellee by cross assignment contends that the Chancellor below erred in failing to award the wife alimony. We are not impressed with the contention. The wife lived with her husband, as shown by the record, some five or six days and acquired a deed to a one-half interest in the husband's property, being his lifetime accumulations. It is true that the husband administered to her a "shellacking" prior to the separation, but the property acquired by her in the marriage adventure will help heal her wounds and thereby assist in a prompt recovery from the alleged indignities sustained. The claims for alimony and attorney fees in this Court are denied and the decree entered below affirmed.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.