MOODY, JAMES S., Associate Judge.
Plaintiff below, appellee herein, filed an amended complaint for divorce on the grounds of adultery and wild and ungovernable temper. Defendant below, appellant herein, filed an answer and counterclaim for divorce on the grounds of habitual intemperance and extreme cruelty. The amended complaint also contained allegations showing that plaintiff owned the business known as the “Gulf Terrace Restaurant.” The defendant admitted in her answer ownership by plaintiff of said business, but alleged in her counterclaim that the liquor license, held in connection with said restaurant business, was in the joint names of the parties hereto. After taking of testimony, the chancellor granted plaintiff a divorce on the grounds of adultery and dismissed the defendant’s counterclaim. The decree adjudicated a disposition of the property rights of the parties and, in connection therewith, ordered the defendant to transfer title in the beverage license to the plaintiff. The defendant has appealed from only that portion of the final decree requiring transfer of her interest in the beverage license.
There is very little testimony concerning the title to the beverage license. Viewing this testimony to plaintiff’s best advantage, it appears that the restaurant property and business was purchased under a contract made solely by the plaintiff, that title to the real estate and personal property was taken in his name, but that title to the beverage license was taken jointly in the names of husband and wife. Plaintiff testified that the wife had no money or other investment in the business, and that the beverage license was taken in their joint names in order to avoid an argument.
We do not consider this evidence to be sufficient to overcome the presumption of law that such property interest was intended as a gift to the wife, and that, therefore, such property interest should be recognized and upheld until such presumption is overcome. The evidence against joint ownership must be clear, positive, and unequivocal. The fact that no consideration was paid by the wife is, of course, of no consequence if the transaction involved a gift. The reason advanced by the plaintiff is insufficient to overcome the presumption of law in this regard. Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356; Lieber v. Lieber, Fla.1949, 40 So.2d 111; Powell v. Metz, Fla.1952, 55 So.2d 915; Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663.
*414 The appellant wife has also filed a motion for a reasonable attorney’s fee for services for her attorney in presenting this appeal. Upon consideration of the record, the sum of $3S0 is hereby awarded for such services.
The decree appealed from is reversed to the extent set forth in this opinion, with directions to revise the same in compliance herewith.
KANNER, C. J., and SHANNON, J., concur.