PER CURIAM.
The appellee husband was granted a final divorce and custody of four children, aged 10, 12, 15 and 17, born as issue of the marriage. He was also vested with exclusive title to the family home which at the time of the divorce was held by the parties as tenants by the entireties.
The appellant wife insists that the equities governing the right to divorce were in her favor, that it was error to award the custody of the minors to the appellee and to award exclusive title to the mentioned real property to the appellee.
A decree of absolute divorce destroys an estate by the entireties and converts the husband and wife into joint tenants, in which relation they are equally interested. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727. This is in accord with F.S. 689.15, F.S.A. The trial court erred in awarding to the husband exclusive title to property held by the entireties, even though the proofs reflect that he alone contributed the funds with which to purchase the property. The presumption of a gift to the wife of her interest is not overcome.
We have considered the other points on appeal and find them without merit.
The motion of appellant for an award of fee for the services of her attorneys on this appeal will be disposed of by an administrative order.
Accordingly, the decree appealed is affirmed in part and reversed in part, as herein indicated, and the cause remanded for proceedings appropriate herewith.
Affirmed in part, reversed in part.
WIGGINTON, C. J. and STURGIS and CARROLL, DONALD, JJ., concur.