McNATT, JOHN M., Associate Judge..
Both parties are dissatisfied with the final' decree of divorce. The appellant-husband charges that the Chancellor erred in granting the appellee-wife a divorce and in awarding her alimony of $20.00 per week. In addition, he contends that if alimony was properly awarded, the amounts of it and of child support of $40.00 per week are excessive, and also that the decree should have specified definite visitation rights with the child. In her cross-assignments of error, the wife charges that the amount of alimony is insufficient, and that the Court erred in requiring her to convey her interest in a lot to the husband.
*352 The Chancellor heard the testimony and there is competent substantial evidence to support his findings as to the ground for divorce. Consequently, the findings are not to be disturbed. Ames v. Ames, Fla.App., 153 So.2d 737.
At the time of the marriage in 1958, both parties were employed in Washington, D. C., at substantial salaries. In addition, the appellant had some $200,000.00 in securities which he had inherited. Their only child was born in 1959, and in 1960 the parties moved to Clearwater, where appellant entered business. Since that time much of the capital has been consumed by business losses and living expenses.
At the time of the divorce, the appellant still had some $50,000.00 in securities which produced an annual income of '$2,100.00. Also, he had a business in which he had invested substantial amounts, and the business was beginning to show a profit. Although the wife had worked prior to the marriage and had stocks worth three ■or four thousand dollars, she had no immediate prospects of a job and the alimony and child support awarded was substantially less than she testified would be required for their maintenance. The awarding of alimony and the amount thereof rests within the sound judicial discretion of the Chancellor, Pross v. Pross, Fla., 72 So.2d 671; and appellant’s contention that he will be required to further reduce his capital in order to pay the alimony and child support is without merit. Chastain v. Chastain, Fla., 73 So.2d 66. Furthermore, upon a showing of change of circumstances justifying the same, the provisions of the decree respecting alimony and child support may be modified.
The decree provided that the appellant have visitation rights with the minor child “at reasonable times and places, which may be in or out of the State of Florida.” Neither during the trial nor by petition for rehearing did the appellant request that definite visitation rights be fixed. On the contrary, he testified:
“Q In the event that the Court should find reason, or cause for divorce from this testimony and in the event custody should be granted to Mrs. Smith, has it been explained to you that you would be entitled to some reasonable right of visitation ?
A Yes, sir.
Q Have you made any plans, or given any thought as to how that would be accomplished ?
A No, I haven’t. In my correspondence with my wife on the subject of divorce she maintained all along that she was perfectly willing for me to see the child under any reasonable circumstances and I have no doubt that she would agree to that.”
In view of this testimony, the appellant may not justifiably complain that the final decree was not more definite as to visitation. Should the wife deny appellant reasonable visitation with the child or prevent the child from visiting him, application may be made to the Chancellor for the fixing of definite visitation rights.
 During the marriage, a residence and an interest in another parcel of real estate were acquired in the joint names of the parties. The final decree provided that the residence should be held as tenants in common and that the husband should be the sole owner of the interest in the other property. The wife was required to convey her interest in the non-residential property to the husband “subject to defendant (husband) executing a written indemnification in favor of plaintiff (wife) for any liability she may have incurred in connection with said property, on mortgages or otherwise.” Although the property was acquired with funds of the husband, there was no evidence to rebut the presumption that in taking the property in the joint names of the parties a gift to the wife was intended. *353 Therefore, so much of the decree as required the wife to convey her interest to the husband was erroneous. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Powell v. Metz, Fla., 55 So.2d 915; Fletcher v. Fletcher, Fla.App., 128 So.2d 434. The decree should have provided that the parties hold the interest in the property as tenants in common, and should have contained an appropriate provision with regard to payments on the mortgage, taxes and other items, so that the equity of one of the parties would not be increased by any expenditures made by the other party.
If the requirement that the wife convey her said interest to the husband was a factor in determining the amount and duration of alimony to her, that matter should be reexamined by the Chancellor.
So much of the decree as deals with the interest of the wife in the non-residential property is reversed. Otherwise, the decree is affirmed, and the cause is remanded for further appropriate proceedings.
SHANNON, Acting C. J., and SMITH, J., concur.