WIGGINTON, Acting Chief Judge.
Defendant husband has appealed a final decree awarding a divorce to his plaintiff wife together with permanent alimony in the sum of $610.00 a month. By his sole point on appeal appellant charges that the chancellor misconceived the legal effect of the evidence and applied to it an incorrect principle of law by awarding appellee permanent alimony, for which error he contends the decree should be reversed.
The facts are relatively brief, simple, and free from controversy. Appellee, a young lady 21 years of age, had casually known appellant, a mature man of 41 years, for some period of time prior to their first date. She first associated with appellant on a social basis only ten days or two weeks prior to their marriage, and was in his company on only a few occasions prior to their wedding day. On August 10, 1965, they flew by air transport from Jacksonville to Las Vegas where they were married; they traveled to Miami on August 11, returning to their home in Jacksonville on August 12. On August 13 they spent the evening at home, and very early in the morning of August 14 appellant awoke appellee and advised her that he no longer wished to remain married to her. His reasons for reaching this decision are material only to appellee’s entitlement to a divorce, but not to her right to alimony, so a detailed discussion thereof will be omitted. Although appellee attempted to persuade appellant to *398 give their marriage a chance to succeed, he adamantly refused to do so. The parties separated on August 14 after less than a four-day marriage, and appellee returned to the home of her parents where she had lived prior to marriage and where she continued to live during the period of separation from appellant. The total elapsed time between date of marriage and date of divorce was two months and eight days.
Appellee’s education consisted of high school training and two years of college. Following her college studies appellee secured employment in a 'commercial bank where she worked for approximately six or seven months and earned a monthly salary of from $260.00 to $275.00. Appellee voluntarily terminated that employment and accepted a position with a gas company where she worked for a period of some two or three months at a salary of $300.00 a month. Appellee likewise voluntarily severed her relationship with this last employer and thereafter enrolled in a secretarial’ school for the purpose of receiving training as a legal secretary or court reporter. She was attending this school at the time she met and married appellant.
During the trial before the chancellor appellee testified that she was without funds, property, or income and had not been employed since the date of her separation. Although living at home with her parents and incurring no living expenses incident thereto, appellee testified that her monthly needs required an expenditure of approximately $610.00. At the time of trial appel-lee professed to be in good health, and medical examinations revealed that no child would be born of the marriage.
The testimony adduced by the parties was sufficient to support the finding by the chancellor that appellee wife had established a need for alimony, and that appellant’s financial circumstances were sufficient to meet that need. In the interest of brevity we will refrain from making a detailed statement of the evidence bearing on these two aspects of the case. In announcing at the conclusion of the trial that a decree would be rendered granting appellee a divorce together with permanent alimony, the court stated:
“I conceive the law to be that by entering into a marriage relation, the husband becomes liable for alimony if a need for alimony is demonstrated. The plaintiff wife in this case is not employed. The fact that she is able to be employed is for practical purposes immaterial. * * * So, for practical purposes, the ability to earn money of the wife is not material. The criterion is, is she earning money, and she is not, but I’ll be happy to hear from you if you conceive the law to be to the contrary.”
By his final decree appealed the chancellor made the following finding:
“The parties lived together only four days after their marriage. Nevertheless, under the law, the plaintiff is entitled to alimony from the defendant if she demonstrates,a need therefor. The plaintiff has demonstrated a need therefor, in that she is not employed and has no income. In the event the plaintiff should subsequently become employed, on proper application the court may reduce the amount of or eliminate payments depending upon the correlation between the needs of the plaintiff and her earnings.”
Based upon the foregoing finding the chancellor ordered appellant to pay appellee as permanent alimony for her support the sum of $610.00 each month thereafter.
In the case of Ray v. Ray,[1] a 64-year-old man also married a woman twenty years his junior. They lived together as husband and wife for a period of only five or six days. During the period of their marriage, and prior to separation, sufficient events’ transpired which made it apparent that the *399 marriage was a mistake and could not last. After separation the wife filed a complaint praying for a divorce and an award of permanent alimony in addition to the undivided one-half interest in real estate conveyed to her by her husband immediately after their marriage. In affirming the decree of the chancellor denying the wife any award of alimony under the circumstances, the Supreme Court said:
“Counsel for appellee by cross assignment contends that the Chancellor below erred in failing to award the wife alimony. We are not impressed with the contention. The wife lived with her husband, as shown by the record, some five or six days and acquired a deed to a one-half interest in the husband’s property, being his lifetime accumulations. It is true that the husband administered to her a ‘shellacking’ prior to the separation, but the property acquired by her in the marriage adventure will help heal her wounds and thereby assist in a prompt recovery from the alleged indignities sustained. The claims for alimony and attorney fees in this Court are denied and the decree entered below affirmed.”
In the case of Golembeski v. Golembeski[2] a 66-year-old man also married a woman twenty years his junior. After living together for a period of only eight or nine months the husband brought an action for divorce on the grounds of extreme cruelty. The wife denied the allegations of cruelty and prayed for a decree of permanent alimony. In affirming the final decree based upon the special master’s report which recommended that no alimony be awarded 'the wife, the Supreme Court summarized the facts in the case as follows:
“With reference to alimony, it appears from the record that the parties lived together between 8 and 9 months; the ap-pellee owned an orange grove worth between fifty and seventy-five thousand dollars at the time of the marriage; the wife contributed absolutely nothing toward the acquisition of this orange grove; the wife is an able-bodied woman, capable of earning her own living; prior to her marriage she had experience in operating her own grove, in buying and selling real estate, dealing in restaurants and other businesses; she owned a half interest in a $40,000 mortgage; she was 20 years younger than the husband and was enjoying good health; the husband’s health was not good. Based upon these and other facts, the Master found that the wife was not entitled to any alimony. * * * ”
In Kahn v. Kahn[3] the appellant wife sought and obtained a decree of divorce from her appellee husband. By the appeal appellant’s only complaint was the refusal of the chancellor to make an award to her of permanent alimony. Appellant was a young woman in her teens at the time of their marriage. The marriage lasted for a period of only a few years and no children were born as a result thereof. Appellant was 25 years of age at the time of the divorce, was in good health, and employed at a salary of $30.00 a week. In affirming the chancellor’s decree denying alimony to the wife under the circumstances shown in that case, the Supreme Court said:
“ * * * The broad, practically unlimited opportunities for women in the business world of today are a matter of common knowledge. Thus, in an era where the opportunities for self-support by the wife are so abundant, the fact that the marriage has been brought to an end because of the fault of the husband does not necessarily entitle the wife to be forever supported by a former husband who has little, if any, more economic advantages than she has. We do not construe the marriage status, once achieved, as conferring on the former wife of a shipwrecked marriage the right to live a *400 life of veritable ease with no effort and little incentive on her part to apply such talent as she may possess to making her own way. * * * ”
In harmony with the decision in Kahn is the decision rendered by the Second District Court of Appeal in Heller v. Heller[4] in which the court quoted with approval from 10 Fla.Jur., Divorce and Annulment, § 166, as follows:
“ '* * * Likewise, where the wife is able to work and is free to do so, the court may deny alimony, and the fact that the marriage has been brought to an end by the husband’s misconduct does not entitle the wife to be supported by him for the rest of her life where she is able to work.’ ”
The foregoing authorities appear to refute the conclusion of the chancellor expressed in the case sub judice that the fact a divorced wife is able to be employed and has the ability to earn a living is for all practical purposes immaterial.
 Concededly, whether alimony shall be awarded a divorced wife and, if so, the amount thereof, as a general rule rests in the sound discretion of the chancellor whose decision will not be disturbed if supported by the facts and does not constitute a patent abuse of discretion. Such discretion, however, must fall within the ambit of established principles of law as applied to the facts of the case. This court, in the case of Grace v. Grace,[5] said:
“We recognize that whether temporary alimony should be granted rests within the sound discretion of the chancellor. However, this discretion is not an arbitrary one, but a judicial discretion, to be exercised in accordance with established rules adapted to the facts of each case, and is subject to review. We hold that the award of temporary alimony in this case is not justified by the record before the chancellor.”
Although a chancellor is accorded a wider latitude of discretion in awarding permanent alimony than is the case when only temporary alimony is provided, the same principles of law are applicable.
In Chesnut v. Chesnut[6] a man 70 years of age also married a woman twenty years his junior. After living together only a score of months, separation ensued. The wife brought suit for separate maintenance and was awarded alimony in the sum of $85.00 a month. In reversing that part of the decree awarding alimony to the wife, the Supreme Court said:
“ * * * We think the chancellor properly imposed the cost of the litigation on appellant, but we do not find support for the amount awarded for alimony. Neither of the parties showed the least susceptibility to domestication. Her position had not been materially changed, she has the same job she had before, she is earning more, there were no children and the union produced nothing that might have been reasonably expected from it. Alimony is not a thing to be picked up like the manna that was miraculously supplied in the wilderness. It is awarded on the theory that marriage is a partnership to which the wife has contributed and when she withdraws from it she is entitled to reimbursement that she may not become a public charge.”
We have not overlooked the case of Montgomery v. Montgomery [7] in which the chancellor denied a wife alimony because he felt to do so would be inequitable since the wife was young, attractive and able to support herself. In reversing the decree with respect to alimony the Supreme Court found that the grounds on which the chan *401 cellor relied were not sufficient to preclude the granting' of alimony under the facts of that case. In reversing the decree, the court said: “An innocent woman’s rights are not to he ignored because of her good looks.” Insofar as the Montgomery decision may he considered as authority for the proposition that a divorced wife’s ability to earn a living may not be taken into account in determining the issue of alimony, to that extent the decision was receded from and overruled by the Supreme Court in the Kahn case, supra. In Kahn, the Montgomery case was cited as the authority relied on by the wife to support the decree therein appealed, but that authority was rejected by the court in reaching a contrary conclusion in that case.
From the announcement made by the chancellor at final hearing, and the conclusions expressed by him in his final decree, it seems quite clear that the award of alimony in this case is predicated, at least in part, upon a misconception of the law governing the award of alimony. The chancellor permitted his conclusion to be controlled entirely by three factors only, to wit: the existence of the marriage contract ; the wife’s need for support; and, the husband’s ability to provide that support. He concluded that the wife’s age, condition of health, education and demonstrated ability to earn a livelihood, the short duration of the marriage and minimal change in the circumstances of the parties, if any, were for all practical purposes immaterial in considering the alimony issue. In this respect we feel the chancellor erred.
The decree appealed is reversed and the cause remanded with directions that the alimony issue be reconsidered in light of the holding herein expressed, and an amended decree be rendered determining the amount of alimony, if any, to be awarded and the period of time for which it shall be paid.
Reversed.
JOHNSON and SACK, JJ., concur.

. Ray v. Ray, (Fla.1950) 44 So.2d 286, 287.

. Golembeski v. Golembeski, (Fla.1952) 57 So.2d 654, 655.

. Kahn v. Kahn, (Fla.1955) 78 So.2d 367, 368.

. Heller v. Heller, (FIa.App.1963) 151 So.2d 35, 37.

. Grace v. Grace, (Fla.App.1964) 162 So.2d 314, 318.

. Chesnut v. Chesnut, 160 Fla. 83, 33 So.2d 730, 731.

. Montgomery v. Montgomery, (Fla.1951) 52 So.2d 276.