202 So.2d 571 (1967)
Richard O. SCHOENROCK, Appellant,
v.
Alvina N. SCHOENROCK, Appellee.
No. 7363.
District Court of Appeal of Florida, Second District.
September 13, 1967.
Rehearing Denied October 16, 1967.
*573 Charles J. Cheves, Jr., of Icard, Merrill, Cullis & Timm, Sarasota, for appellant.
Hylan H. Kout, Miami Beach, for appellee.
SHANNON, Acting Chief Judge.
Richard O. Schoenrock, plaintiff below, appeals from an amended final decree granting to Alvina N. Schoenrock a divorce a vinculo matrimonii. He assigns as error that portion of the decree ruling that he and Mrs. Schoenrock had held their home in Venice Gardens, Florida, as tenants by the entireties and were thenceforth to hold it as tenants in common. Mrs. Schoenrock cross-assigns as error the chancellor's failure to grant her alimony and attorney's fees.
Much of the evidence presented to the chancellor was conflicting and irreconcilable. It appears that the parties were married in Connecticut in 1961. Several separations and reconciliations ensued. While on a trip to Florida shortly after their wedding, they signed a contract with Lewis Homes, Inc., for the construction of a house on a lot in Venice Gardens. Although they both signed the contract, appellant furnished the entire consideration for the house and lot. He instructed Lewis Homes that he wished the deed to be made out in his name only, but for reasons as to which the evidence is in dispute the deed was made out to both appellant and appellee. It was delivered to appellant after it had already been recorded by Lewis Homes. Appellant complained upon receipt of the deed and on one subsequent occasion, but nothing further transpired in that connection.
Where a husband purchases property and the deed is taken in both his and his wife's name, an estate by the entireties is created, and the presumption arises that the husband intended to make a gift to his wife. This presumption can be overcome only by conclusive evidence. McFarland v. McFarland, Fla.App. 1961, 131 So.2d 749, 752; O'Connell v. O'Connell, Fla. 1950, 45 So.2d 882, 883; Lieber v. Lieber, Fla. 1949, 40 So.2d 111, 112; Lovejoy v. Lovejoy, 1948, 160 Fla. 652, 653, 36 So.2d 192; Hargett v. Hargett, 1946, 156 Fla. 730, 731, 24 So.2d 305; Kollar v. Kollar, 1945, 155 Fla. 705, 709, 21 So.2d 356, 358; Strauss v. Strauss, 1941, 148 Fla. 23, 26, 3 So.2d 727, 728. Therefore, to have been entitled to a ruling by the chancellor that he was the sole owner of the property in question, appellant was required to prove conclusively that he had had no intent to make a gift to appellee of an interest therein.
The meaning of "conclusive evidence" in this regard is discernible from the nature of the presumption itself. Obviously its existence indicates that it has some effect. The effect of the more common type of presumption is to assist the proponent of a particular operative fact in sustaining his burden of proof by shifting to his opponent the burden of producing evidence regarding that operative fact. Gulle v. Boggs, Fla. 1965, 174 So.2d 26, 28-29; Connecticut Gen. Life Ins. Co. v. Breslin, 5th Cir.1964, 332 F.2d 928, 933; Greyhound Corp. v. Ford, Fla.App. 1963, 157 So.2d 427, 430; Leonetti v. Boone, Fla. 1954, 74 So.2d 551, 552. Once such evidence is produced, the presumption disappears from the case. Gulle v. Boggs, supra, 174 So.2d at 29; Locke v. Stuart, Fla.App. 1959, 113 So.2d 402, 404; Leonetti v. Boone, supra, 74 So.2d at 553.
The presumption involved here, however, differs in that it operates in favor of the party not having the burden of proof. The husband bears the burden of proving his sole ownership, yet the presumption works in favor of the wife. It cannot have the usual effect of shifting the burden of producing evidence, since that burden is already on the husband.
Its effect, then, must be an intensification of the husband's burden of proof, which in civil cases is ordinarily proof by a preponderance of the evidence. Tompkins v. Rosenberg, Fla.App. 1967, 194 So.2d 688, *574 690; Visingardi v. Tirone, Fla. 1966, 193 So.2d 601, 604; Carraway v. Revell, Fla.App. 1959, 112 So.2d 71, 75; Byers v. Gunn, Fla. 1955, 81 So.2d 723, 726; Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403, 406. This intensification is the effect produced by the presumption of innocence in criminal cases, which is also a presumption operating against the party having the burden of proof, i.e., the prosecution. It requires the prosecution to prove guilt not merely by a preponderance of the evidence, but beyond a reasonable doubt. Unlike the more common type of presumption, which disappears from the case once rebutting evidence has been presented, it remains throughout the trial. For any intensifying presumption, including the one involved here, to be meaningful, it must have all these effects which are characteristic of the presumption of innocence.
Appellant, then, was required to prove his lack of donative intent beyond a reasonable doubt, not merely by a preponderance of the evidence. Although examination of the record tends to show that he, in fact, lacked such intent, it is sufficiently conflicting so as to have entitled the chancellor, who was present at the trial and heard the testimony, to find that it did not meet the degree of conclusiveness required by the intensifying presumption of donative intent. The chancellor did not err when he ruled that the parties had been tenants by the entireties and were, thus, upon divorce, tenants in common. Fla. Stat., Sec. 689.15, F.S.A. (1963).
Nor did the chancellor err when he denied appellee alimony and attorney's fees. It is well established that the chancellor has the discretion to grant or deny permanent alimony and attorney's fees. See 10 Fla.Jur., Divorce, Separation and Annulment, Secs. 137, 158 (1956, Supp. 1967), and cases cited thereunder. The record does not support a finding that he abused his discretion in this regard. The marriage was a stormy one from its beginning, and neither party was entirely free from fault. Appellee cannot complain of being denied alimony, especially since she is now part-owner of property paid for entirely by appellant.
The amended final decree of divorce is in all its particulars affirmed.
Affirmed.
HOBSON, J., and OVERTON, BEN F., Associate Judge, concur.