WALDEN, Chief Judge.
This is an appeal from an order of dismissal entered in a contested divorce suit.
*818 The appellate problem may be stated as follows:
“Does evidence of an incidental act of marital relations between husband and wife subsequent to the filing of a divorce complaint constitute condonation requiring dismissal of a suit in the absence of any testimony regarding the element of forgiveness ?”
While testimony was being taken at the final hearing the court noticed in the file the plaintiff-wife’s answer to an interrogatory. It indicated that the parties had marital relations on an occasion subsequent to the filing of her complaint. At this the hearing was interrupted and the case summarily dismissed upon the court’s motion. Dismissal was based upon the naked answer and the court’s apparent belief that this act of marital relations without a more constituted condonation as a matter of law. Condonation was not pled and had not been an issue in the suit.
The plaintiff-wife appeals from this dismissal of her suit. We reverse.
Although for obvious legal reasons we do not approve of cohabitation between divorce litigants, we must say that under the limitations of this case the act in question was neither conclusive nor sufficient to establish the affirmative defense of con-donation as a matter of law.
An act of intercourse is certainly powerful evidence pointing to forgiveness and condonation. However, there was no explanation or testimony as to the circumstances and intent of the parties at the time of the act in question. While perhaps not likely, it could have been the result of coercion or trickery.[1] In the absence of explanation, it might be speculated that it represented a conditional condonation with later revival.[2]
In Seiferth v. Seiferth, Fla.App.1961, 132 So.2d 471, it appears that the parties to a divorce case resumed cohabitation and engaged in acts of intercourse after the filing of suit. It was there held that con-donation was not established saying,
“ * * * The denial of the motion to dismiss was based on a finding that the element of forgiveness, essential for con-donation, was ‘completely lacking in the resumption of the relationship herein.’ The resumption of cohabitation, per se, is not necessarily condonation. It may imply a condoning, but the principal element of the defense of condonation is the freely exercised intent to forgive. Fekany v. Fekany, 118 Fla. 698, 160 So.192; Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356; Mickler v. Mickler, Fla. App.1958, 101 So.2d 157; 10 Fla.Jur., Divorce, Separation and Annulment, § 51. * *»
This holding was followed in Pollak v. Pollak, Fla.App.1967, 196 So.2d 771, and Stanley v. Stanley, Fla.App. 1967, 201 So.2d 613.
Here the disposition of plaintiff’s case given by the trial court was premature, since the element of a freely exercised intent to forgive was neither established nor negatived. Therefore, the appealed order must be reversed with directions to resume the final hearing in accordance with the views here expressed.
Reversed and remanded.
OWEN, J., and VANN, HAROLD R., Associate Judge, concur.

. 10 Fla.Jur., Divorce, Separation and Annulment, § 51.

. 10 Fla.Jur., Divorce, Separation and Annulment, §§54 and 55.