483 So.2d 447 (1986)
Beverly A. CLAUGHTON, Appellant,
v.
Edward N. CLAUGHTON, Appellee.
No. 84-360.
District Court of Appeal of Florida, Third District.
January 14, 1986.
Rehearing Denied March 10, 1986.
*448 Paige & Catlin; Daniels & Hicks and Mark Hicks, Miami, for appellant.
Allan M. Glaser, Miami Beach, Gaston, Snow, Ely, Bartlett, Hall & Swann and Richard Swann, Coral Gables, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
The dissolution of the twenty-four year marriage of Beverly and Edward Claughton has been the subject of repeated scrutiny by higher courts.[*] In Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980), the supreme court instructed the trial court to reevaluate the wife's contributions to the marriage and to decide whether she should receive an equitable share of the assets accumulated by the parties during their marriage. Because the wife had remarried, the supreme court required the trial court to base its award on her contributions to the marriage rather than on her need for support. After further consideration, the trial court entered a Final Judgment Dissolving Property Rights. The court found that multi-millionaire Edward Claughton had obtained most of his assets through inheritance or gifts from his family. The court determined that the two major assets available for equitable distribution were the two residences held in the names of both parties: a condominium in North Carolina and the marital home on Old Cutler Road. The court ruled that the husband established a special equity in the condominium to the full extent of its value and awarded the wife a one-half interest in the Old Cutler residence, free of any special equity claim by the husband.
The wife raises two points on appeal in support of her contention that reasonable people cannot differ in concluding that the division of the assets was inequitable. Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). First, the wife maintains that the trial court applied an incorrect legal standard in considering her contributions to the marriage. Second, the wife contends that the trial court erred in excluding the majority of the husband's *449 assets from equitable distribution. Agreeing with the wife's contentions, we reverse.
The wife filed for dissolution of the marriage in 1975, before the Florida supreme court announced the rule in Ball v. Ball, 335 So.2d 5 (Fla. 1976). According to Ball, property titled as estate by the entireties will be divided equally on dissolution unless one spouse demonstrates a special equity in the realty. The other spouse can negate a finding of special equity by showing that a gift was intended when the title was placed in both names. Before establishing the Ball doctrine, the Florida supreme court held that "when the property is purchased by the husband and deeded to the husband and wife jointly an estate by the entirety is created and the presumption of law is that such property was intended as a gift to the wife and will be so recognized and upheld until the presumption is overcome by competent testimony." O'Connell v. O'Connell, 45 So.2d 882, 883 (Fla. 1950); see Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356 (1945). Under pre-Ball law, the husband must demonstrate that he lacked donative intent or the dissolution judgment converts the estate held by the entireties into tenancies held in common. Kollar; see § 689.15, Fla. Stat. (1975).
Because Ball applies to dissolution proceedings instituted after it became final, Ball; see Wright v. Wright, 422 So.2d 306 (Fla. 1982) (the date the dissolution proceeding was instituted is dispositive for determining whether Ball is applicable, not the date of conveyance), the law in effect prior to Ball governs here. We must therefore decide whether the trial court's awards to the parties were proper under pre-Ball case law.
The parties own both properties as tenants in common unless the husband proves that he lacked donative intent. The husband contends that the title to both properties was placed in both names for survivorship purposes only and that he did not intend to make a gift to the wife. However, self-serving statements as to lack of donative intent do not rebut the presumption that a gift was intended. Kollar; Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978). Furthermore, the Florida supreme court determined in Kollar that a husband who acquired property with separate funds and without any contributions from the wife did not rebut the presumption that a gift was intended where the husband made sworn statements to the effect that he created the joint interest for survivorship purposes. Under controlling case law, the failure to rebut the presumption of gift would render the Claughtons tenants in common. The Final Judgment reveals that the trial court failed to apply pre-Ball case law and the cause must be remanded for further proceedings consistent with pre-Ball law.
We find additional error on the face of the Final Judgment. When the trial court awarded the wife "as and for Lump Sum Alimony and Equitable Distribution of the marital assets ... her one-half title to the Old Cutler residence, free of any Special Equity Claim by [the husband]," its award was meaningless; if the wife demonstrated her entitlement to half the marital residence by the unrebutted presumption of a gift, and the trial court decided that the husband was not entitled to a special equity in the residence, the wife received nothing when the court declared the residence free of any special equity claim on the part of the husband. These errors mandate reversal.
Next, the wife contends that the trial court omitted from consideration certain marital assets. Inherited or gifted assets which are intermingled with marital assets lose their separate character and become marital assets. See Vandegrift v. Vandegrift, 477 So.2d 638 (Fla. 5th DCA 1985); Smith v. Smith, 428 So.2d 276, 279 (Fla. 1st DCA 1983) (on reh'g). We cannot ascertain from the record whether the husband's salary and other acquired funds became marital assets. In its Final Judgment, the trial court indicated that some of the assets were intermingled and used "to provide luxuries for his family and enrich their standard of living." This point requires *450 additional consideration for equitable distribution purposes.
The standard applicable to equitable distribution requires that the "trial judge ... ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune... ." Canakaris, 382 So.2d at 1204; see Alexander v. Alexander, 479 So.2d 815 (Fla. 4th DCA 1985) (trial court abused its discretion when the wife was "cut adrift with virtually nothing"); Brown v. Brown, 300 So.2d 719, 726 (Fla. 1st DCA 1974) ("trial court abused its discretion in awarding the wife a pittance of the marital assets accumulated in the husband's name during 21 years"), cert. dismissed, 307 So.2d 186 (Fla. 1975). In making its determination, the trial court should include all appropriate assets. For these reasons, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[*] Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980), quashing in part, 361 So.2d 752 (Fla. 3d DCA 1978), on remand, 395 So.2d 308 (Fla. 3d DCA 1981); Claughton v. Claughton, 452 So.2d 1073 (Fla. 3d DCA 1984); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977); Claughton v. Claughton, 344 So.2d 944 (Fla. 3d DCA 1977).